CHARLES T. WALL, executor, &c. *vs.* ELIZA WALL.

It is a principle of law well settled, that however erroneous a judgment may be, it cannot, while it stands in full force and unreversed, be called in question in a collateral proceeding, where the court rendering the judgment had the power to settle the question.

The principle has been settled, that the line which separates error in judgment from usurpation of power is very definite, and is precisely that which denotes the cases where a judgment or decree is reversible only by the appellate court, or may be declared a nullity collaterally, when it is offered in evidence in an action concerning the matter adjudicated, or purporting to have been so. In the one case, it is a record purporting absolute verity; in the other, it is mere waste paper.

ON appeal from the probate court of Amite county; Hon. James F. Lowry, judge of the probate court of Amite county.

The opinion of the court contains a sufficient statement of the facts of the case.

*Simrall* and *Yerger*, for appellant.

*D. Mayes*, for appellee.

The probate court was of competent jurisdiction to decide whether the paper was or was not testamentary.  It decided that it was, and constituted " part and parcel of the will."  If there was error, that decision should have been appealed from.· It is conclusive, till reversed, on that court and all courts.  *Morrell* v. *Dickey*, 1 Johns. Ch. R. 153; *Bush* v. *Sheldon*, 1 Day, 170; *Wills* v. *Spraggins*, 3 Gratt. 555; *Keenon* v. *Miller*, 2 Kelly, 325; *Judge of Probates* v. *Filmore*, 1 Chip. 423; *Gildarts & Co.* v. *Stark*, 1 How. 454 (opinion of Mr. Justice Smith). Mr. Chief Justice Sharkey admits the principle.  *Stubblefield* v. *McCraven*, 5 S. & M. 130; ·*Jones* v. *Coon*, Ib. 751.

The probate of a paper as a will is a judgment *in rem*, and *ipso facto* renders it what it declares it to be.  *Woodruff* v. *Taylor*, 20 Vt. (5 Washb.) 65.  That adjudication cannot be revised on this appeal.  *Sterrett* v. *Jameson*, 29 Maine, 504; *Cook* v. *Thompson*, Opinion Book.

The instrument was a will, according to *Harrington* v. *Harrington*, 2 How. 720.

If the instrument can have effect at all, it must be regarded as testamentary.  The deed was not recorded, nor possession of the slaves delivered, without which it cannot operate as a gift *inter vivos*.  *Durham* v. *Dankley*, 6 Rand. 135; *Marshall* v. *Fulgham*, 4 How. 216.

It cannot have effect as a deed for the want of delivery. From the apparent circumstances, delivery is not proved, which should have been shown to give it effect; but the contrary is the only rational inference, if the *onus* lay on us.  *Porter* v. *Buckingham*, 2 Harring. 197; *Clayton* v. *Livermore*, 4 Dev. & Batt. 238; *O'Kelly* v. *O'Kelly*, 8 Met. 436; *Baldwin* v. *Maltsby*, 5 Ired. 505; *Elsey* v. *Metcalfe*, 1 Denio, 323; *Moone* v. *Collins*, 4 Dev. 384; *Jones* v. *Bush*, 4 Harring. 1; *Jackson* v. *Phillips*, 12 Johns. R. 418; *Powers* v. *Russell*, 13 Pick. 69.

A life-estate being reserved to the grantor, the deed is of no effect in law.  You cannot convey an estate in a chattel by deed, to take effect after a life-estate reserved.  *Howell* v. *Howell*, 7 Ired. 491.

By the law of nature, a man's dominion over property can-

not extend beyond his life.   For political reasons, it has been extended by human law, and we have no other than the common law and statute law.

Mr. Justice HANDY delivered the opinion of the court.

This was a petition filed in the probate court of Amite county, by the appellee, the widow, and a distributee of the estate of Jehu Wall, deceased, against the appellant, executor of Jehu Wall, alleging that the testator, by an instrument of writing exhibited, and which had been decreed by that court to be a part and parcel of the last will and testament of the testator, and probated and admitted to record as such, made bequests of certain slaves, which the executor had failed to return in his inventory of the estate; and the petitioner being entitled to one half of these slaves, as her distributive share of the estate, and having renounced the will, prayed that the executor should be required to return an inventory of them, &c.

The executor denies that the slaves mentioned in the petition are part of the testator's estate, and avers that they were conveyed by the testator, in his lifetime, to certain named persons, by deed, which he acknowledged before a justice of the peace.

It appears that on the trial, the petitioner offered in evidence the probated will of the testator, together with the instrument of writing which was probated as part of the will.   This instrument of. writing is the same referred to both in the petition and answer, and is in substance as follows:—

"For and in consideration of the good-will and affection I have towards my brothers and sisters, and in consideration of the further sum of one dollar to me in hand paid by each, and for other good causes and services to me rendered, I do hereby give, grant, bargain, sell, deliver, and convey to each of the following . named brothers and sisters the following property;" then follows the several persons named, and the property conveyed or given to each, after which it concludes thus: "all of the aforesaid property I do hereby entail to my aforesaid brothers and sisters, to them and their heirs, in and for their own personal use and benefit, and not to be disposed of during their lifetime, but to be used for the benefit of raising each of

their families. This deed is to take effect, so far as regards the handing over the property, at my death; and I reserve to myself the right to revoke it at any time during my life, by filing in the clerk's office a written revocation under my hand and seal. And I do hereby make known and declare, that the signing, sealing, and delivering of this deed, and placing the same amongst my papers, is intended by me as a delivery of said property at my death, and to take effect at that time. Signed, sealed, and delivered this 11th day of February, 1845.

"JEHU WALL [seal]."

And on the same day it was acknowledged before a justice of the peace to be " signed, sealed, and delivered as his act and deed."

On the hearing, the probate court ordered the executor to return an inventory of the property named in the petition; from which order this appeal was taken.

The controversy in this case is, whether the instrument of writing, upon which the rights of the respective parties depend, is a will or a deed.

But a preliminary question is raised in behalf of the appellee, who insists that the instrument has been admitted to probate as a part of the will of the testator, and that that being the judgment of a court of competent jurisdiction, is conclusive of the character of the instrument until reversed on appeal or writ of error. The first point for inquiry, then, is, whether the record sufficiently shows that the paper was admitted to probate, as alleged.

The petition set out in the record alleges that the instrument was " decreed to be a part and parcel of the last will and testament of Jehu Wall, and probated as such and admitted to record" by the probate court. This allegation is not denied by the answer. At the hearing of the case, it appears that the petitioner offered and read in evidence the will and probate, "together with the instrument of writing which was probated as part of the last will and testament of Jehu Wall, deceased." The bill of exceptions then sets forth both the formal will and the instrument in question, but does not contain the order of the court admitting either of the papers to probate. It, how-

Wall *v.* Wall.

ever, recites, that the probate was introduced. Under such circumstances, it cannot be doubted that the order of probate existed, and that it was produced, as is stated in the bill of exceptions, and was not inserted in it, because its existence was not denied. And this conclusion is rendered the more certain by no objection being made by the executor to the will for want of a probate.

Taking the paper, then, as having been duly admitted to probate as the testator's will, the position of the appellee's counsel is undoubtedly true. It cannot be denied that it was entirely within the jurisdiction of the probate court to pronounce whether the paper was a will or not; and no principle of law is more firmly settled than that, however erroneous as a legal judgment that decision may be, it cannot, while it stands in full force and unreversed, be called in question in a collateral proceeding, because that court had the power to settle the question. And this rule has been often declared by courts of the highest authority, and frequently in reference to judgments the most palpably erroneous, but within the jurisdiction of the courts which rendered them. 9 Leigh, 131; 1 Bailey, 294; 1 Brod. & Bing. 432; 12 Pick. 572; 3 Phill. Ev. (Cow. & Hill) 1021. In 10 Peters, 478, the rule is thus stated by the supreme court of the United States: — " The line which separates error in judgment from usurpation of power is very definite, and is precisely that which denotes the cases where a judgment or decree is reversible only by the appellate court, or may be declared a nullity collaterally, when it is offered in evidence in an action concerning the matter adjudicated, or purporting to have been so. In the one case, it is a record importing absolute verity ; in the other, it is mere waste paper."

Under this view of the case, the judgment of the court below, treating the instrument in question as a will upon the petition and the case presented, was correct, and it is affirmed.