## Hugh A. McLeod *v.* Andrew Harper, Admr., etc.

1. SERVICE OF PROCESS BY OFFICER INTERESTED IN THE SUIT.—A sheriff is incompetent to serve process in a suit to which he is a party, or in which he is interested. (Rev. Code of 1857, p. 490, art. 75.) And process addressed to such interested officer will be quashed on timely application to the court.

2. PRACTICE FOR CORRECTION OF ERRORS.—But if a party effected by such illegal service make no objection at the time, his administrator can not afterwards impeach the service in answer to *scire facias* to revive the judgment against him, nor can it be impeached collaterally, or on writ of error.

Error to the circuit court of Covington county. McNair, J.

The facts are sufficiently stated in the opinion of the court.

Assignment of errors :

1. It was error to overrule plaintiff's demurrer to defendant's first amended plea to the *scire facias*.

2. It was error to sustain defendant's demurrer to plaintiff's second replication to defendant's first amended plea to the *scire facias*.

3. It was error to sustain defendant's demurrer to plaintiff's third replication to defendant's first amended plea to *scire facias*.

4. The court erred in giving the instructions asked for by defendant, and in refusing those asked by plaintiff.

*B. Taylor*, for the plaintiff in error.

The oath taken by the jurors is not such an oath as is required by statute. Rev. Code, 501, art. 143. It does not show an " *issue*," but only the " evidence " was submitted to the jury. It does not appear that they found the " *issue* " for defendants, but only that they found for the defendants; nor does it appear that they were sworn " *a true verdict to give*." Rev. Code, art. 143, p. 501; Dyson v. The State, 26 Miss., 362; 29 Miss. R. Gen. Index, 750.

" Written instruments, including records, cannot be contradicted or explained by parol testimony." McFarlane vs. Randle, 41 Miss. R. 411.

The court of probates has no jurisdiction to amend an administrator's sale, for *fraud*, after the term at which it was confirmed; in such case, the remedy of the heirs is in equity." Smith, admx., vs. Chew et al., 35 Miss. R., 153.

" The judgment of a court of competent jurisdiction, acting within the scope of its jurisdiction, is binding and conclusive upon all, until reversed or set aside by some power authorized to do so." *Ex parte* Adams, 25 Miss., 883 ; 26 Miss. index, 612, § 62.

" If the jurisdiction be admitted, the judge has no power to decide touching the legality of the judgment, or whether it be erroneous." Ib. § 63.

" It is a settled rule, that the record of a judgment must show upon its face, that the court had jurisdiction of the person, and unless it appears, the judgment is a nullity." Ib. § 65.

" Every presumption is to be indulged as to the correctness of the facts upon which a decree of a court of competent jurisdiction is founded, and which appear of record. The *record proves itself*, and *cannot* be questioned, except on writ of error or appeal." Hardy vs. Gholson, 26 Miss. R., 70 ; 26 Miss. index, 612, § 18.

" A judgment can only be attacked collaterally when it is void." Work vs. Harper, 24 Miss. R., 517; 29 Miss. index, 617, § 109.

The uniting these parties as co-complainants, without their consent, was, under the circumstances, a fraud upon the jurisdiction of the probate court, and the executor was entitled, as against the others, to a decree in a court of chancery enjoining the execution of the decree for distribution.   Finly vs. Thompson et. al., 34 Miss. R., 101.

" The jurisdiction of the probate court is full and complete as to all matters within its jurisdiction, and its decrees are final and conclusive, and can only be impeached for *fraud*, or reversed for error."   Cade Ward, admr., vs. the State of Mississippi, use of E. F. Mullins et. al. 40 Miss. R., 108.

" The court of probates of this State has jurisdiction to probate and record an authenticated copy of a will, made and probated in another state, where the testator was domiciled, and its judgment allowing the probate of such will cannot be attacked collaterally, but only by direct proceeding for that purpose."   Crusoe v. Butler, 36 Miss. R., 150 ; Griffiths v. Vertner, 5 Howard Miss. R., 736.

"A record must be tried by itself, as importing verity : if a party desires to controvert it, the record alone must be relied upon for that purpose, by the introduction of a more perfect record."   Mandeville v. Stockett, 28 Miss. R.

" The principle of law is well settled, that however erroneous a judgment may be, it cannot, while it stands in full force and unreversed, be called in question in a collateral proceeding, when the court rendering the judgment had the power to settle the question."   Wall v. Wall, 28 Miss., 409.   " The principle has been settled that the line which separates error in judgment from usurpation of power is very definite, and is precisely that which denotes cases where a judgment or decree is reversible only by the appellate court or may be declared a nullity collaterally, where it is offered in evidence in an action concerning the matter adjudicated or purporting to have been so.   In the one case, it is a record purporting absolute verity; in the other it is mere waste paper."   Wall v. Wall, 28 Miss., 409.   See also Hart v. Hart, 39 Miss., 221.

" The probate court is clothed with a discretion in granting

orders for the sale of real estate of decedents, and when the order has been made, it seems that the question of its propriety or authority should be closed." Smith v. Denson, 2 S. & M., 326. In the last page of the opinion in the above case, the court says: " The judgments of the probate courts, like the judgments of other courts of law, are final and conclusive in matters over which they have jurisdiction." Griffiths, adm'r, v. Vertner and wife, 5 How., 736; Sexton v. Chamberlain, 6 Pickering.

The case of The Planters Bank vs. Neely decides that a fraudulent sale may be set aside at the term to which the report of sale is returned. 7 Howard, 80.

" The probate court has power to set aside a sale for *fraud*, which has been made under its direction, when application for the purpose is made at the term to which the report of sale is returned." " Aliter, when the application is made at a subsequent term." Turnbull v. Endicott et al. 3 S. & M., 303.

" To vacate a judgement, order, or decree on account of *fraud*, has, in England, been uniformly holden to pertain to a court of chancery alone. Neither the ecclesiastical nor common law courts possessed the power." 1 Ves. Sen., 283. " It cannot be regarded as in the course of administration of an estate. We adopt what is said upon the subject in 7 How., 201, and believe that such power is not confided to the probate court by the constitution." Turnbull v. Endicott et al., 3 S. & M., 302.

" It seems that a sheriff, who is plaintiff, may serve his own writ." Tuttle v. Hunt, 2 Cow. Rep., 436; Putnam v. Mann, 3 Ward's Rep., 202; Bennet v. Fuller, 4 Johnson's N. Y. Rep., 485. See also, Putnam v. Mann, 3 Wendell.

From these authorities, it seems to have been a good service, and the judgment debtor is bound by the return of the sheriff, though he was plaintiff in the judgment rendered against them. And this doctrine is expressly sustained by statute. Rev. Code, art. 194, p. 138.

*J. L. McCaskill*, for defendant in error.

The record shows that at the March term, 1861, of the circuit court of Covington county, H. A. McLeod, plaintiff in error, then acting as sheriff of said county, filed his declaration in his own proper person, against Daniel McLaurin and Middleton Graves—executed the process himself, and took judgment by default, at said term.  In order to make the service good on Graves, he had a summons issued and directed to a justice of the peace, but did not state that the sheriff was a party to the suit, and therefore disqualified to serve the process.  26 Miss., p. 340.  At all events, there was no service on McLaurin by the justice of the peace, Leggett, and none at all, but by McLeod himself, and that was illegal and void.

No execution issued on said judgment within a year and a day after its rendition, and the plaintiff in error sought to revive the same against the administrator, *de bonis non*, in the year 1866; and time and again, writs of *scire facias* against said administrator, *de bonis non*, and all the heirs and distributees of the intestate, were issued.  In some of which writs of *scire facias*, the fact is stated that the real estate of the deceased had been condemned to be sold to pay debts, showing the insolvency of the estate, but requiring said administrator and heirs to appear and show cause why the said judgment should not be revived against them, and the lands and personal property of the intestate sold to satisfy said judgment.

At the September term, 1868, Harper, Admr., etc., appeared, and plead that the judgment was illegal against McLaurin, because the service of process by McLeod was void, and should not be revived.  Judgment without proper service of process is illegal and void.  5 Howard, p. 688; 1 S. & M., p. 351 and 521; 7 S. & M., p. 85; 2 S. & M., p. 286; 2 Cushman, p. 188 and 648.  A joint judgment bad as to one, is bad as to all.  1 Howard, 517; 2 Howard, 786; 2 Cushman, 485.

After demurrers and replications almost without number, issue was finally taken on the above plea, and submitted to

the jury. The proof was conclusive that McLeod, at the time he executed the process, was the sheriff and the plaintiff in the action. The court refused to instruct the jury for the plaintiff, that McLeod could legally have executed the process in the case, but on the contrary, instructed them that if they believed from the evidence that McLeod was sheriff and plaintiff at the time he executed the process, they should find for the defendant; and that the only issue before them was whether McLeod was sheriff and plaintiff when he executed it. The jury found for the defendant Harper, administrator, etc., and judgment was rendered accordingly.

Simrall, J:

Hugh A. McLeod sued out from the clerk of the circuit court of Covington county, a *scire facias*, suggesting that he had recovered a judgment on the 29th day of March, A. D. 1861, against Daniel McLaurin for $313 85; and that McLaurin had since deceased; that Andrew Harper was his administrator; and commanding said Harper to appear and show cause why he should not have execution and satisfaction of his judgment out of the goods of his intestate.

Andrew Harper pleaded;

1. That the service on his intestate in the original suit, was made by the plaintiff, who was then acting as sheriff; and

2. *Nul tiel* record. McLeod demurred to both pleas. Demurrer overruled as to the second, but sustained as to the first.

3d. Harper, admr., under the respondant ouster, plead, that the original judgment against his intestate was taken by default, and not by confession, and no legal process was served on said McLaurin, because McLeod, the plaintiff, was then acting as sheriff, and served the writ himself, as the return purports, and the fact was, therefore, the service was illegal, and the judgment irregular and invalid, and should not be revived.

4th. To this plea the plaintiff demurred, which was overruled.

5th. Thereupon the plaintiff replied in effect that McLeod was not acting as sheriff, and did not serve the writ.

Plaintiff filed two other replications to this plea, to which a demurrer was sustained. The plea of *nul tiel* record was withdrawn, and the case was submitted to the jury on the issue taken on the first plea. The court instructed the jury in accordance with its ruling, on the demurrer to the first plea: that if McLeod, the plaintiff in the original judgment, was acting in the office of sheriff, and served the writ, such service was illegal, and they must find for the defendant. An instruction asked by the plaintiff affirming the converse of this was refused.

The testimony before the jury was ample to prove the issue in favor of the defendant, so that their verdict is a truthful response to the traverse referred to them.

The errors assigned are: the decisions of the court on the pleadings to the prejudice of plaintiff in error, the refusal of the court to grant the instruction asked by him, the giving the instruction at the request of defendant below, and overruling the motion for new trial, which assigns for cause, the several rulings of the court and the verdict is contrary to law and evidence.

It will be observed from this analysis of the case, that, voluminous as were the pleadings, copious as is the matter in the record, there is but a single point in it. Was the service of the writ, by McLeod, he being both sheriff and plaintiff in the suit, null and void, so that there was no service at all upon the intestate of the plaintiff in error—none which he was called upon to notice?

" If good cause of exception shall exist against the sheriff by reason of his being party to or interested in the suit, the process may be directed to the coroner, or justice of the peace if there be no coroner who is disinterested, who shall be bound to execute the same." Revised Code, p. 490, § 75.

If McLaurin, the intestate, had, in due time, applied to the circuit court to set aside the summons, because it was addressed to the sheriff, who was a party to the suit, it cer-

tainly would have been the duty of the court to have quashed it as irregular. But when objection was not made at the time, can the administrator be heard several years after judgment was rendered, to raise the exception for the first time in bar of the right to revive the suit? If the fact was but irregular and erroneous—ground for quashal and writ of error— the administrator comes too late, and not in proper form, to be relieved. If, however, the writ were a nullity, then the judgment is void and his plea is good. The statute does not, in terms, make the writ and service void if directed to, and executed by, the sheriff in a suit where he is a party. In numerous cases decided in New York, the service of the officer who was party to the suit, or otherwise interested, has been sustained when the application was made to set aside the return before judgment, and after judgment, whilst the court had power to open it. Tuttle v. Hunt, 2 Cowen, 436; Putnam v. Mann, 3 Wend., 202; Bennet v. Fuller, 4 John., 485. In one of the cases cited, the constable, who was also party to the suit, made a false return. That judgment coming in question afterwards, it was said that it was like all other returns of officers, conclusive in the particular suit as to its truth, and the only redress was by action for a false return. By our statute the return may be put in by issue in abatement, or other proper mode.

At common law, if the sheriff was partial from interest, consanguinity or affinity to one of the parties, process should be directed to the coroner. If, however, in such circumstances, the writ was directed to him, his acts might be set aside, they would be erroneous merely. 8 Bacon Abr., 690; Moor, 547. The principle of law is firmly settled, that however erroneous a judgment may be, it cannot for that cause, be impeached or called in question collaterally; it stands with all the integrity of a judgment until reversed. Wall v. Wall, 28 Miss. R., 409. If the court has acquired jurisdiction over parties and the subject matter, its judgment is conclusive on the parties and privies, and is never impeachable in collateral proceedings for errors, which the court itself might

have avoided or cured if attention had been called to them in time, or for which a court of review might reverse the case. A *scire facias* to revive a judgment is in the nature of original process, and also of a declaration. It is process to bring in a new party sought to be charged with the judgment. It is a plaint, in so far as it counts on the debt of record, and gives the administrator a day in court to show cause why he should not be so charged.

The matter to which the administrator may make defense, is why satisfaction should not be had. 'Tis true, he may deny the judgment; that is tried by the court by an inspection of the record. But issues of fact tendered, must be confined to defenses originating after the judgment. If the administrator were allowed to go back and open up objections to the original cause of action, there would be no virtue in the old maxim, "*Interest reipublicæ, ut sit litium finis.*" And so are the authorities. To *scire facias* to revive a judgment, the only defense that can be made, is a denial of the original judgment altogether, or to show that it has been satisfied since its rendition. Cardesa v. Humes, 5 Serg. R. 68. Payment which might have been pleaded to the original *scire facias*, to revive the judgment, cannot be pleaded to a second *scire facias*. Penn v. Kline, 1 Pet. C. C. R., 446. No defense can be made, which might have been pleaded to the original suit. Cro. Eliz., 283; Allen v. Anaras, 8; Truil v. Edwards, 6 Mod., 308; Erving v. Peters, 3 T. R., 685. If McLaurin had prosecuted a writ of error, he could not have reversed the judgment. The record does not show an identity of person between McLeod, plaintiff, and McLeod, sheriff. A defect in the writ, which can only be made to appear by averment and proof, *aliunde*, must be taken to be waived after judgment. If so, *a fortiori*, it cannot be interposed in bar of the *scire facias*.

6. We are of opinion that McLeod the plaintiff below and here is entitled to judgment *non obstante veredicto*. Judgment is the conclusion of law upon the facts found, or admitted by the parties, or upon their default. If the

plaintiff states no cause of action in his declaration, and the matter averred however it may be put, discovers no right to recover, judgment will be arrested.   As the plaintiff's action must have all the essentials to maintain it, so also must the defendant's plea in bar.   2 Tidd. Pr., 920.

When the plea confesses the action, and does not sufficiently avoid it, judgment shall be given on the confession, without regard to the verdict for the defendant.

The issue in this case, left to the jury the single inquiry, was McLeod both plaintiff and sheriff.   By implication, the plea confesses the judgment, and admits that the defendant offers no excuse or defense but this, and if this will not suffice, he has nothing further to say.

The verdict finding the averment true, imparts to the fact no additional legal value, except such as is given by the statute of *jeoffails.*   If we should remand the case for a repleader, there is no conceivable mode in which the fact could be presented by plea, that would make it a bar to the *scire ficias.*

A verdict cannot help an immaterial issue.   The rule is thus stated in the books :

" If it is apparent to the court upon the defendant's own showing, that in any way of putting it, he can have no merits, and the issue joined thereon be found for him, there, as the awarding of a repleader, could not mend the case, the court for the sake of the plaintiff, will at once give judgment for the plaintiff notwithstanding the verdict."   1 Chit. Pl., 656 ; 2 Tidd Pr., 921 ; Roberts v. Dame, 11 N. H., 229 ; Cro. Eliz, 248 ; Leroy v. Reynolds, 2 Lord Raymond, 124.

Let the judgment of the circuit court be reversed, and, rendering here such judgment as said circuit court ought to have rendered, we give judgment here, that the plaintiff in error have satisfaction of said judgment out of the goods of intestate, McLaurin, in the hands of his administrator, etc.

*Judgment reversed.*