[No. 7264.]

MUNSON ET AL. V. PAWNEE CATTLE Co.

1. JUDGMENT—*Recitations of Record*—Where a judgment record recites, generally, service of summons upon the defendant, not showing the manner of the service, but the summons shows a mode of service which is bad, the recitals of the record will be rejected and the judgment declared void.

2. JUDGMENT—*Presumptions*—One relying upon a judgment as the foundation of the title to lands, produces a judgment roll. It contains a summons which bears no authentic evidence of service. No presumption will be indulged that there was another summons.

3. SHERIFF—*Serving Summons in Another County*—The sheriff loses his official character when he passes out of his own county. In serving a summons in another county he acts merely as an individual, and the service must be shown by his affidavit. His mere return, unsworn, is no evidence of the service, and judgment rendered upon such return of service, not otherwise shown, is void.

*Appeal from Logan District Court.*—Hon. H. P. BURKE, Judge.

Messrs. Allen & Webster, for appellants.

Messrs. McConley & Hinkley, for appellee.

Mr. Justice Garrigues delivered the opinion of the court:

1. This action was brought by The Pawnee Cattle Company against T. E. and H. E. Munson, to quiet title to a 160. acre tract of land in Logan county, of which it is alleged plaintiff is the owner in fee simple, in possession, and defendants claim an adverse interest therein. The title of both parties originates in the following manner with The Municipal Debenture Company, a foreign corporation which owned the land. Gillett, who owned several hundred tax deeds, brought an action in Logan county against 67 defendants, including the Debenture Company, to quiet his tax titles. The land in controversy was not involved in the Gillett action, but it was levied upon and sold on execution, to pay the costs of that suit, and about April 15, 1903, the sheriff gave a deed to it; which is the basis of The Pawnee Cattle Company's title. October 25, 1907, the Debenture Company deeded the same land to Ryan; which is the source of defendants' title. The question is, which one of these titles is paramount? This is a collateral attack, and if the court had jurisdiction in the Gillett action, the title by the sheriff's deed through the Debenture Company is the better; or, stated in another way, the title of the defendants is good, unless it was taken out of the Debenture Company by the sheriff's deed. It is claimed by appellants that an inspection of the judgment roll in the Gillett action, introduced in this case by appellee, shows that the Gillett judgment, which is the basis of the sheriff's deed, is void. That case went by default without any appearance by the Debenture Company, and the whole question, on collateral attack in this action, is whether an inspection of the judgment roll in that action shows the court pronounced judgment without having acquired jurisdiction over the Debenture Company. This de-

pends on the service of summons on the Debenture Company in that case. The return is as follows:

"State of Colorado, county of Logan, ss. I do hereby certify that I have duly served the within summons in the within stated action by personally delivering a true copy of said summons to the within named defendants on the dates hereinafter mentioned as follows, to-wit: H. H. Page, agent and representative of The Municipal Debenture Co., a foreign corporation, at Denver, Arapahoe county, Colo., on July 11, A. D. 1898; H. D. Ayres, sheriff of Logan county, Colo."

2. Section 37 of the code of 1887, provides:

"The summons shall be served by the sheriff of the county where the defendant is found, or by his deputy, or by any person not a party to the action. When the summons is served by the sheriff, or his deputy, it shall be returned with the certificate of the officer of its service to the clerk or attorney who issued the same. When the summons is served by any other person, it shall be returned as before provided, with the affidavit of such person of its service."

The summons shall be served by the sheriff of the county where the defendant is found, or it may be served by a person not a party to the action. The Municipal Debenture Company was found in Arapahoe county, but not by the sheriff of that county. The service, assuming, but not deciding that it was proper to make the service in that county, could be by the sheriff of Arapahoe county, or it could be made by any person not a party to the action. It could not be made in Arapahoe county by the sheriff of Logan county, acting as such. When the sheriff of Logan county went to Arapahoe county to find the defendant and serve the summons, he ceased to act as an officer, and was acting as any other person not a party to the action. The service was not by a sheriff or by his deputy. The section further provides, that when the service is by the officer, he shall return the summons with his certificate of service. If the service is by any other person, it shall be returned with an affidavit of its service. This summons has no such return. It

does not show that it was ever executed. Plaintiff in this case introduced the summons in that action in evidence for the purpose of showing service on the Debenture Company, and is bound by it. It is the only summons found in the judgment roll, and plaintiff having introduced it as the foundation of his title, we are not at liberty to presume there was another, although it was the judgment of a court of record. We therefore, in this action, have a collateral attack on a judgment in another action which recites, generally, due and legal service, but in which an inspection of the summons on which that recital is made, fails to show that it was ever executed. We have held, where the judgment recites generally due and legal service without setting out the mode, and the return shows the mode of service, which is bad, that the record stultifies itself, and the judgment is void on collateral attack. But in this case, instead of stultifying the record by showing a bad mode of service, it stultifies it by showing no service at all. We think an inspection of the judgment roll shows that the Gillett judgment is void. It being the basis of plaintiff's title, it necessarily follows from the statement we have made of the case, that the defendants' title is paramount.

Reversed with directions to the lower court to enter a judgment in accordance with this opinion.

*Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.