## WHITAKER v. FIRST NAT. BANK OF BASIN*
(No. 1163; January 14, 1925; 231 Pac. 691.)

JUDGMENT—COLLATERAL PROCEEDINGS—SERVICE—SUMMONS.

1. A judgment cannot be set aside or disregarded in a collateral proceeding unless it is void for want of jurisdiction.
2. Where summons otherwise proper in form was, in disregard of Comp. St. 1920, §§ 5623, 5624, 5627, erroneously directed to wrong sheriff, who by endorsement on summons appointed sheriff to whom it should have been originally directed, and was properly served by latter sheriff, appointment, if unauthorized, may be disregarded, and subsequent judgment was not void for lack of jurisdiction, and hence was not subject to attack in a collateral proceeding.

*NOTE—See Headnotes—(1) 34 C. J. p. 555; (2) 34 C. J. p. 534.

ERROR to District Court, Big Horn County; HARRY P. ISLEY, Judge.

Action by Thomas Whitaker against the First National Bank of Basin. There was a judgment for defendant and plaintiff brings error.

*Brome & Hyde* for plaintiff in error.

A sheriff has no authority to serve a summons outside his county; the writ should be directed to the sheriff of the proper county; the return, showing that the Sheriff of Big Horn County appointed the Sheriff of Natrona County to make the service, and the affidavit of the Natrona County officer that he made the service, are nullities; Munson v. Cattle Co., 126 Pac. 275; Kinkaid v. Frog, 31 Pac. 704; a summons must be served in the mode provided by the statutes to give jurisdiction; Robbins v. Clemmens, 41 O. S. 285; Newlove v. Woodworth, 9th (Nebr.) 502; Sanford v. Edwards, 47 Pac. 212; Lillard v. Brannin, 91 Ky. 511; personal service must be made within the jurisdiction of the county; Pennoyer v. Neff, 95 U. S. 714; Simonsen v. Typer, 285 Fed. 240; Bank v. Lattimore (Okla.) 149 Pac. 1099; the judgment being void it may be attacked collaterally; State v. Elleson, 12 A. R. L. 1159; Hogg v. Link, 90 Ind. 346; Jones v. Pattee (Ia.) 8 N. W. 663; Bennett v. Wilson (Cal.) 65 Pac. 1068; a writ directed to the wrong officer, but served by the right one cures the defect; 32 Cyc. 533; Askew v. Stevenson, 61 N. C. 288; a writ directed to the wrong officer is amendable and not void; Laing v. Raingley, 160 U. S. 531; Burke v. Assn. (Mont.) 64 Pac. 878; services made, though defective, will not be held void in collateral proceedings; Black 273; Berry v. Dholson (Ore.) 65 Pac. 601; the alias summons and copy of petition gave defendant ample notice; although irregularly served; Noerddlinger v. Huff, 72 Pac. 73; Freeman on Judgment, Sec. 126; Bank v. Co., 32 Pac. 902.

Kimball, Justice.

In this action for the recovery of real property, the judgment of the district court was for the defendant, and the plaintiff brings the case here on error.

The defendant bought the property at a sale pursuant to a judgment of the district court of Big Horn County, Wyoming, in an attachment proceeding against two defendants,

one a resident of Big Horn County, and the other, R. H. Ahrens, then owner of the property, a resident of Natrona County, Wyoming.

The plaintiff, who claimed by deed from Ahrens subsequent to the attachment, contended that the judgment and sale in the attachment action were void because Ahrens was not served with summons as required by law and made no appearance in the action.

The undisputed material facts in regard to the service of process on Ahrens in the attachment suit are as follows: An alias summons was directed to the sheriff of Big Horn County who endorsed thereon "at the request and risk of plaintiff," he appointed "Pat Royce, Sheriff of Natrona County, State of Wyoming, to make service of this summons upon R. H. Ahrens in the County of Natrona, State of Wyoming." Thereafter, as appears from the return, Pat Royce, as Sheriff of Natrona County, made service in said county on the defendant, Ahrens, by delivering to him true and correct copies of the summons, petition and writ of attachment.

A summons should be directed "to the sheriff of the county." Sec. 5623, Wyo. C. S. 1920. When the action is rightfully brought in any county, a summons may issue to any other county, against one or more of the defendants. Sec. 5624. A summons should be served by the officer to whom it is directed or by some person not a party to the action, appointed by such officer (Sec. 5627), but we may assume for the purposes of this case, as contended by plaintiff in error, that the statutes do not authorize the sheriff of one county to appoint a person to serve a summons in another county of the state. It would follow that the summons against Ahrens should have been directed to the sheriff of Natrona County. Had it been so directed, and then served just as it was served, it would not be contended that there was any want of jurisdiction.

In this collateral proceeding the judgment in the attachment suit cannot be set aside or disregarded unless it is void

for want of jurisdiction.   There is a difference between a want of jurisdiction and a defect in obtaining jurisdiction. Freeman on Judg., (4th Ed.) Sec. 126.   As we said in Clause v. Savings Ass'n., 16 Wyo. 450, 468, 95 P. 54 the decisions are not harmonious as to the particular defects in a summons which will render it void and permit on that ground a collateral attack on the judgment.   In the case just cited the sheriff was named as one of several defendants, and the original summons, was directed to and served by the coroner.   A motion to quash the service was sustained in the district court on the ground that the sheriff was not a party within the meaning of the statute authorizing service of process by the coroner, and that the service by the coroner was improper.   This court did not question the decision of the district court on that point, but held, nevertheless, that the summons and service were not void, but voidable only, and that the district court acquired jurisdiction over the defendants served by the coroner.   The court said, among other things:

"Where there has been actual personal service, and therefore notice of the action, the weight of authority and the better reasoning favors the theory that a mistake in the direction or address renders the process voidable but not void."

In Freeman on Judgments, Section 126, supra, the author says:

"The fact that defendant   *   *   *   was served by some person incompetent to make a valid service   *   *   *   on account of which a judgment by default would be reversed on appeal, will not ordinarily make the judgment vulnerable to a collateral attack."

And that:

"So far as personal service of summons is concerned, it seems to us that it should be deemed sufficient to support a judgment when collaterally attacked that the summons was delivered to the defendant under such circumstances as to advise him that it was intended as a service of process upon him."

See, also, State ex rel. v. District Court. (Wyo.), 227 Pac. 378, 381, and authorities there cited and quoted.

We find that it has often been held that a summons directed to the sheriff of one county and served by the sheriff of another is not void. Armstrong v. Kansas City S. R. Co., (C. C.) 192 Fed. 608; Parker v. Barker, 43 N. H. 35; 80 Am. Dec. 130; Campbell v. Stiles, 9 Mass. 217; Chadwick v. Divol, 12 Vt. 499. The same has been held of a summons directed to the sheriff and served by a constable or coroner. Bronson v. Earl, 17 Johns, (N. Y.) 63; Simcoke v. Frederick, 1 Ind. 54; Hearsay v. Bradbury, 9 Mass. 95. Also, where the service has been made by one disqualified by interest. Owens v. Gotzian, 4 Dill. 436; Fed. Cas. No. 10634; McLeod v. Harper, 43 Miss. 42; Myers v. Overton, 2 Abb. Pr. (N. Y.) 344; Hunter v. Lester, 18 How. Pr. (N. Y.) 347.

We are inclined to view this case as one where a summons, otherwise in proper form, has by error been directed to the wrong officer, and then served by the officer to whom it should have been directed. If that be the correct view, the judgment that followed was not void although it be conceded that the summons should have been quashed on motion, or that the judgment might have been set aside for error or irregularity. Some of the cases which we have cited hold that such a summons is amendable, but on that point we need express no opinion.

It is argued, however, that the sheriff of Natrona County in serving the summons was not acting as sheriff, but only as the appointee of the sheriff of Big Horn County, and,

therefore, that the service was in effect made in Natrona County by the sheriff of Big Horn County. And the authority chiefly relied upon is Munson v. Pawnee Cattle Co., 53 Colo. 337, 126 P. 275, where in a collateral proceeding a judgment was held void because the sheriff of one county served the summons in another county. While the view that the summons in the case at bar was served in Natrona County by the sheriff of Big Horn County may be theoretically justified, it is still true that the physical acts of service were performed by the officer to whom the summons might and should have been directed, and, if the summons had been properly directed, the service and return, as made, would not have been subject to challenge. These circumstances might distinguish Munson v. Pawnee Cattle Co., if it be conceded that that case was correctly decided. If, as contended, the appointment of the sheriff of Natrona County, as endorsed on the summons by the other sheriff, was unauthorized, we think it may be disregarded or rejected as surplusage. When the sheriff of Natrona County delivered the necessary papers to the defendant, we have no doubt that the defendant understood that service of process was being made upon him, and that it was then apparent to him that the only defect was in the direction of the process. Whatever might have been the result if the defect had been made the ground of objection in the attachment suit, we think it clear that the judgment which followed was not void for want of jurisdiction.

The judgment of the district court will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.