## No. 12,332.

### Roll *v.* Davis.

Decided May 13, 1929.

Mr. CLEE E. HICKMAN, for plaintiff in error.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FLOYD F. MILES, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

D. M. ROLL complains of the ruling of the trial court denying his motion entitled "Motion to quash and recall writ of body execution."

1.  One ground of objection is that the execution was not issued within the time required by law. It was issued about two years and a half after judgment. During all that time Roll was confined in the penitentiary. When it was expected that he would be released, the body execution was issued, and upon his release the writ was executed. The argument pressed upon us by counsel is that there is no statute providing when a body execution may issue, that the common law, therefore, governs, and that by the common law a plaintiff who failed to take out execution in a personal action within a year and a day had no means of obtaining execution upon the judgment. But the reason for the common law rule was that it seems improbable that the plaintiff would remain so long inactive unless the judgment had been paid. Freeman on Executions, § 51. Why the plaintiff remained so long inactive in the present case is clear. While Roll was imprisoned in the penitentiary he could not be taken into custody by the sheriff under a body execution. There arises, therefore, no presumption that the reason for the plaintiff's inaction was that the judgment had been paid. As in the circumstances presented by the record, the reason for the rule invoked by counsel is absent, the rule it-

self, if it ever had any existence in this state, would not apply to this case.

However, there is a more potent reason why counsel's contention must be held to be untenable. In the Revised Statutes of 1868 is chapter 48, entitled "Judgments and Executions." The chapter relates, as the title indicates, to judgments and the methods of enforcing the same. Section 1 is with reference to executions generally. It permits executions to be issued at any time within one year. Section 5. declares: "It shall be lawful for the party in whose favor any judgment as aforesaid may be obtained, to have execution, in the usual form, directed to any county in this territory, against the goods, chattels, lands and tenements, of such party defendant, or upon his body, when the same is authorized by law." Section 6 provides: "Nothing herein shall restrain or prevent any execution from being issued against the body of any defendant, where the judgment shall have been obtained for a tort or trespass, committed by such defendant." In 1917 the time within which executions may be issued was extended to 20 years. In chapter 130 of the Compiled Laws, entitled "Judgments and Executions," are found sections dealing with the same matters. Section 5898 relates to executions generally. It provides that "execution may issue on such judgment, to enforce the same, at any time within twenty years from the entry thereof." The sections relating to body executions (C. L. §§ 5963–66) do not prescribe any different time limit for the issuance of such executions. Both body executions and property executions are issued on judgments, "to enforce the same." In our opinion, section 5898, supra, prescribes the time within which body executions may issue.

2. Equally without merit is the contention that the execution should be quashed because Roll had been convicted in a criminal prosecution for the same wrong. If he had been, the issuance of a body execution in this case would be unauthorized. C. L. § 5964. He was convicted

in a criminal case involving another transaction. At the trial of that case evidence of the transaction involved in this case was introduced to show a similar transaction and thereby to show the defendant's criminal intent. *Roll v. People,* 78 Colo. 589, 243 Pac. 641. There was no conviction in any criminal prosecution for the wrong involved in this case.

3. Another assignment is that the execution is void because the judgment and execution do not definitely state the term of confinement. The judgment is that Roll shall be confined "for a period not to exceed one year, or until the further order of the court, or until the amount of this judgment has been paid." The execution follows the wording of the judgment. The statute (C. L. § 5965) reads: "If the finding of the court or jury * * * shall contain a statement as is provided in section 4 of this act, it shall be the duty of the court * * * to enter upon its * * * docket, in the discretion of the court, according to the aggravation of the circumstances as proved at the trial, the term for which a defendant * * * may be committed to jail on a writ of execution against the body in such cases. Such term not to exceed one year in any case, and the execution and mittimus shall state the time so fixed by the court; Provided, * * * that any person committed to jail by such process shall be released therefrom at once, upon the payment of such judgment."

In a recent criminal case, where the statute provides for imprisonment "not exceeding one year," a sentence to imprisonment "not exceeding one year" was held not to be uncertain, the court saying, "The sentence imposed cannot be construed otherwise than as a sentence for one year." *State v. Empey,* 65 Utah, 609, 239 Pac. 25, 44 A. L. R. 558. In Illinois the maximum penalty fixed by statute for aggravated robbery is imprisonment for life; and it was held that a sentence for a term of years "not to exceed the maximum term fixed by the statute," is for

a term extending to the limit of life. *People v. Campbell,* 246 Ill. 432, 92 N. E. 919.

We hold that the judgment in the present case fixes the term of imprisonment at one year, the defendant to be released, however, at any time within the year upon the payment of the judgment, as the statute provides, and that the judgment and execution are valid.

4. The service of the body execution is attacked. It is said that Roll was taken into custody in Fremont county by a Denver deputy sheriff, and that neither a sheriff nor his deputy has authority to act outside of his own county.

(a) The execution was regularly issued, is regular on its face, and is based upon a valid judgment that has not been paid; therefore, it is not subject to a motion to quash it or to a motion to recall it. A writ is not quashed or recalled because of an irregularity in the manner in which it was served or executed.

(b) The motion, as we have said, is entitled "Motion to quash and recall writ of body execution." Thus far we have treated it as such. The wording of the motion is that the court "recall and quash the body execution herein and release the defendant from confinement in jail thereunder." This may be construed to mean that the defendant asks to be released if the court recalls and quashes the body execution; in other words, as a result of the recalling and quashing of the writ. In the interest of justice, however, we will now give the motion a broader construction, and discuss it on the assumption that it includes a motion to release the defendant for irregularity in the service or execution of the writ.

When Roll was about to be released from the penitentiary, the court ordered that a writ be issued to the sheriff of Fremont county, in which the penitentiary is situated, directing him to arrest Roll upon his release, and deliver the body of Roll to the deputy sheriff of the City and County of Denver upon the latter's exhibiting the execution against the body of Roll, and further au-

thorizing the Denver deputy to bring Roll to the City and County of Denver and to place him in the Denver jail under the body execution, according to the statute in such case made and provided. Counsel for Roll questions the court's power to make the order.

It is said that, although in a criminal case a sheriff has power to act in another county, he has no power, in a civil case, to perform an official act outside of his own county. We have held that in a civil action a sheriff has no power, as sheriff, to serve a summons in another county. *Munson v. Pawnee Cattle Co.*, 53 Colo. 337, 126 Pac. 275. But that case is not determinative of the present one.

The judgment ordered Roll to be confined in the common jail of the City and County of Denver, and the body execution followed the judgment in this particular. That is the proper place for his imprisonment. Although the statute does not expressly designate the county where the imprisonment is to take place, section 5966, C. L., provides that where the plaintiff is shown by his affidavit to be unable to pay the costs, charges and expenses of the imprisonment, they shall be paid out of the county treasury of the county "in which such action is tried and imprisonment had." This is an indication of the legislative intent that the place of imprisonment shall be in the county where the action was tried. But Roll was in Fremont county. He was lawfully in custody of the sheriff of that county, for the statute expressly provides that a body execution may be directed to any county in the state. C. L., § 5912. If the judgment is to be made effective, Roll must be taken from Fremont county to Denver, as it would be ignoring human experience to suppose that he would voluntarily present himself at the Denver jail. His counsel claims that under the law as it exists there is no way of removing Roll from Fremont county to Denver. This casts upon the law a reproach that it does not deserve. The law is not so powerless. Courts have certain inherent powers. Years ago there was no

statutory officer to make a foreclosure sale. To prevent a failure of justice, the court would appoint a commissioner to make the sale. Before the matter was regulated by statute, courts, in the exercise of their inherent power, appointed receivers to preserve the property in litigation, and to receive its rents, issues and profits, and to apply or dispose of them under the direction of the court. When a court decrees that a defendant shall convey property to the plaintiff, and he refuses to do so, the court appoints a commissioner to make the conveyance. It is unnecessary to refer to other instances of the exercise by courts of their inherent power to make their orders and judgments in civil cases effective.

District courts have territorial jurisdiction coextensive with the boundaries of the state.

We hold that, in order to make its judgment effective, the trial court had inherent power to direct the Denver sheriff or his deputy, each of whom is an officer of the court, to proceed to Fremont county and there receive Roll from the sheriff of that county, and to remove Roll to Denver and place him in the common jail there.

The judgment is affirmed.

MR. JUSTICE ADAMS, sitting for MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.