## ISAAC WINSTON *vs.* THE PRESIDENT AND TRUSTEES OF FRANKLIN ACADEMY.

A tenant cannot dispute his landlord's title, except in a few special cases.

Where A. comes into the possession of property under covenants contained in a lease to C., he (A.) is bound by the covenants contained in the latter lease, and the administrator of A. is bound by every thing which would bind his testator.

The failure of W. to pay the rent due, gave the plaintiffs below a right to reënter upon the land and become reinvested with their former estate; and ·they are entitled to recover damages according to the injury which the property had sustained at the time this right accrued.

IN error from the circuit court of Lowndes county; Hon. Wm. L. Harris, judge.

A sufficient statement of the facts of the case are contained in the opinion of the court.

*R. Evans*, for appellant,

Contended that the appellant is merely executor of W. C. Winston's estate, and he cannot be charged in that capacity with the acts of trespass committed by another.

The appellees cannot claim any thing but the rent for the premises, and the possession and use belong to another; not being entitled to the possession, they cannot claim a suit for

damages to the possession. The lease of the lands is for ninety-nine years, renewable for ever, at the rent of twenty-five dollars per year. The reversionary interest is so remote, that it cannot be made the subject of judicial investigation.

The only wrong the trustees can claim is for the non-payment of rent.

*C. R. Crusoe*, for appellees.

The recitals in the deed of lease to Wolf were binding on defendant, and need not otherwise have been proved, but were conclusive, and operated as an estoppel; they were primary evidence, forming a muniment of title, and could not be averred against. 1 Greenl. Ev. p. 29, § 23; 6 Pet. R. 598; 3 Phil. Ev. p. 1235, n. 869; 9 Wend. 209; 10 Johns. R. 374; 1 Dana, 527; 8 Wend. 426. Being a sub-tenant under Wolf, he could not dispute plaintiff's title, or set up an outstanding title in another. *Jackson* v. *Stewart*, 4 Johns. R. 34; 7 Ib. 157; 5 Pick. 124.

A person who comes in possession under a tenant, is in no better condition than the tenant himself, and cannot defend his possession against the landlord. *Graham et al.* v. *Moore*, 4 Serg. & Rawle, 470; 14 Mass. R. 193; 3 Ham. R. 57.

A tenant deriving title under a lease cannot dispute his landlord's right by showing that the premises are in another patent. *Blecker* v. *Whitford*, 2 Caines' R. 215.

The proof shows a payment of rent direct to plaintiff from defendant, and a recognition of their title, independent of the written lease, &c.

By the terms of the lease, as well as by the power conferred by act of 1827, upon non-payment of rent and forfeiture, the whole title became vested in trustees, and the demand of rent and entry was made. The criterion of damages was the injury sustained, and for this defendant was liable; without the building, the property was valueless. The house was upon the premises when Wolf went into possession under plaintiffs; the building was the security, &c.; and for any injury, either to this, or to the reversionary interest, plaintiffs had a right of action.

Whenever a person sustains a temporal loss or damage by the wrong of another, he may have his action. 1 Com. Dig. Action, A. 278; 3 Term R. 63; 1 Taunt. 194; 8 East, 190; 1 Ld. Raym. 187. It lies against assignee in favor of reversioner. 13 Johns. R. 33; 1 Com. Dig. Action, 2, 401. So by assignee of mortgage against subsequent purchaser of equity of redemption for removing buildings from premises, whereby the security for the debt has been destroyed, &c. *Lane* v. *Hitchcock*, 14 Johns. R. 213.

So where any legal lien exists on property, by the removal of which, with intent to injure, the party has been damaged. *Yates* v. *Joyce*, 11 Johns. 137.

The case at bar comes within the principle laid down in this case, and the facts are similar.

If a stranger even do a present injury to the estate of the reversioner, the reversioner may have this action, even during the term. 1 Bac. Abr. 102; 14 East, 489; 9 Barn. & C. R. 725. It is the proper action. 8 Pick. 235; 11 Mass. R. 520; 3 Johns. R. 468. It is maintainable against any one who asserts or directs. 12 J. R. 257; 12 Wend. 39; 12 Mass. 512; 8 Wend. 613; 7 Cow. 738.

There was no error in the court refusing to give the charges asked for by defendant. The title, except for a term of years, had never passed out of plaintiffs, and they could have sustained an action, even for damage done their reversionary interest; but in addition to this, in the first charge refused, the court was asked to instruct the jury that the title to leasehold property could only be reinvested by entry and forfeiture; and any conveyance made of property not so revested is void.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiffs below brought this suit in the circuit court of Lowndes county, to recover damages for injuries done to a lot of ground situated in the town of Columbus, of which it is alleged they are the owners.

The defendant below demurred to the complaint, assigning various causes of demurrer, all of which were overruled by the court below.

The facts as shown by the complaint and the exhibit filed therewith, are as follows: —

The lot is part of the sixteenth section, donated for the use of schools, which it appears from the pleadings is under the control and management of the plaintiffs. Indeed, it is alleged that the title and reversionary interest are in them. On the 6th April, 1841, the plaintiffs leased the lot to one Abraham Wolf; and his lease covenants, among other things, that he will pay in advance, annually, the sum of twenty-five dollars on the first day of August in every year, for the unexpired term of ninety-nine years, from the first day of August, 1821; that on failure so to pay, the lessors were to have the right to reënter and to become reinvested with their former title, and to hold the lot " discharged from all claim of the said Wolf, his executors, administrators, or assigns." Wolf leased the lot to one Walter C. Winston, who died, having first made his will and appointed the defendant below executor thereof. He, as executor, took possession of the lot, and while thus in possession, removed therefrom the buildings situated thereon, alleged to be of the value of five hundred dollars. In the mean time there was a failure to pay the rent according to the stipulations of the lease; and it is further alleged that Wolf has left the State, leaving behind no property or other means out of which the rent can be made. It is also alleged that Winston refuses to pay the rent as covenanted by Wolf.

The rules of law applicable to this state of case are too well settled to require argument or even the citation of authority. The tenant, except in a few special cases, can never dispute the title of his landlord. Wolf, by taking the lease, admitted the plaintiff's title to the lot. Walter C. Winston coming in possession under Wolf, was bound by the covenants contained in the lease of the latter, and the defendant is bound by every thing which bound his testator. The failure to pay the rent, gave the plaintiffs the right to reënter and to become reinvested with their former estate; and they were therefore entitled to recover damages according to the injury which the property had sustained at the time this right accrued. The removal or destruction of the buildings on the lot, was an injury which

must be estimated with reference to the time when the plaintiffs would become or had become entitled to the possession and enjoyment of the property. The injury at the expiration of the term of ninety-nine years might have been a very trivial one, as the buildings during that time might have been destroyed by the laws of decay. As a compensation for such loss, however, would have been the annual rent of the property. The complaint alleges, that in consequence of the removal of the buildings, the plaintiffs are prevented from again leasing the lot, except at a reduced price. This is of course the result of the defendant's trespass, which operated to the immediate injury of the plaintiffs in rendering their property less valuable or less productive than it otherwise would have been.

We are, therefore, of opinion that the court below committed no error in overruling the demurrer. All the other questions were proper for the consideration of the jury; and they, to say the most, not having abused their discretion in the matter, we are of opinion that the judgment of the court below ought to be affirmed.

Judgment affirmed.