M. J. K. BOWEN, Admr., v. JERRY SEALE AND ANN SEALE, Admrs.

1. BILL OF REVIEW — PROBATE COURTS — MAY BE FILED AT ANY TIME WITHIN TWO YEARS. — A bill of review to a final order or decree of the probate court may be filed, under Rev. Code, p. 431. art. 33, at any time within two years, according to the rules that prevail in courts of chancery.

2. SUPREME COURT — WRIT OF ERROR FROM DECREE DISMISSING BILL OF REVIEW BRINGS UP ERROR IN ORIGINAL DECREE. — Errors in the dismissal of a bill of review, and errors in the final decree sought to be reviewed, may be examined by one and the same writ of error.

3. RECITALS IN DECREE OF SERVICE OF NOTICE PRIMA FACIE EVIDENCE.—The record affords no proof of service, and publications of notice of final settlement, as ordered by the court, except the recitals in the final decree: *Held*, nothing appearing in the record to falsify these recitals, they are, at least, *prima facie*, sufficient.

4. A DECREE AGAINST LANDS AND TENEMENTS OF DECEASED IN THE HANDS OF HIS ADMINISTRATOR ERRONEOUS. — A decree of a probate court on the final account of one of ·joint executors, whereby the estate is declared indebted to the accountant, and execution is awarded, to issue against the goods, chattels, *lands and tenements* of the deceased person in the hands of his administrator, is erroneous. Were this the only error, it might, perhaps, be corrected and judgment be entered here.

5. BILL OF ·REVIEW — CASE UNDER CONSIDERATION — DEMURRER IMPROPERLY SUSTAINED. — The bill of review for fraud charges that $1,200 appropriated to his own use has been allowed to Jesse Seale as a credit without authority

of law, and without any legal or proper vouchers; that Jerry Seale and Ann Seale, admr. and admx., concealed from the complainant the fact that their intestate had so appropriated the money and that the credit was allowed in his annual account, and was now pending for allowance in the final settlement, and assured him that all the credits claimed were legal, just and proper; or, if ever discovered to be erroneous, they should be corrected; and moreover that he was unfamiliar with the papers and ignorant of the true facts, being lately appointed administrator, *de bonis non*, and, so confiding in their statement, he allowed their final account to be approved without' objection. Hence, he charges that the decree confirming the final account was obtained by fraud: *Held*, the allegations of the bill were such as to demand prompt investigation, and for that purpose the demurrer should have been overruled and the bill sustained.

6. DUTY OF COURTS TO PROTECT ESTATES OF DECEDENTS.—It is the duty of the courts to protect estates of decedents and to hold those in charge of them to a strict account. The exposure of the unfaithful is a special obligation.

ERROR to the probate court of Chickasaw county. OWEN, J.

A detailed statement of the facts of this case will be found in the opinion of the court.

*Houston & Reynolds*, for plaintiff in error.

1. The probate court may, at any time within two years, allow a bill of review to any final order or decree of the court, in the same manner, and according to the same rules that courts of chancery entertain such bills. Rev. Code, 431, art. 33.

2. A bill of review in chancery lies for error apparent on the record, or for material evidence not known and not discoverable by reasonable diligence, or for fraud, or for any thing which shows a valid excuse for not making the defense at the proper time. Gadsberry v. Perry, 27 Miss. 118 ; Persons v. Nevitt, 32 ib. 180–182 ; Denson v. Denson, 33 ib. 560 ; Webster v. Skipwith, 26 ib. 346–349 ; Edmondson v. Moseley's Heirs, 4 J. J. Marsh. 500, 501.

3. The bill of review should have been sustained for the errors of law apparent in the proceedings and decree for final settlement.

The order of publication does not state the post-office address of the non-resident parties, nor does it state the

same could not be ascertained after due and diligent inquiry, nor does it direct the clerk to send a copy of the notice to the non-residents.   The decree of final settlement directs that appellant, administrator *de bonis non* of George Bowen, deceased, pay to appellees the sum of $548 25, for which an execution may issue as at law to be levied of the goods and chattels, *lands and tenements* of George Bowen in the hands of appellant to be administered.   It was certainly error to direct that the execution against Bowen, administrator, etc., should be levied upon the *lands and tenements* to be administered, etc.   Buckingham v. Nelson, opinion book.

4.  Error in the dismissal of a bill of review, *as well as the errors* in the *decree* sought to be *reviewed* by the bill, may be examined by one and the same writ of error.   Denson v. Denson, 33 Miss. 560.

The decree sought to be reviewed is erroneous in the following particulars :

1.  In the order of publication as to the non-resident heirs of George Bowen.

2.  The given name of Mrs. Bailey is not stated.

3.  Process is not executed upon the residents.   The recital in the final decree of notice to all the parties in interest is not sufficient.   29 Miss. 138, 139.

4.  The final decree directs that the execution be levied on the *lands and tenements* in the hands of Bowen, administrator, etc., to be administered.

5.  Counsel for appellees contend that the demurrer to the amended bill of review was properly sustained, because it does not show newly discovered testimony, etc.   The ground of the bill of review is not for newly-discovered evidence, but the fraud of appellees in representing that the final account was just, all the credits proper to be allowed.   It shows a valid excuse for not excepting to the final account.

*Martin & Bates,* on same side.

The executor obtained credit for $1,000, and $100 for so much cash paid *himself*, equivalent to saying, for so much

"cash used by himself," appropriated to his own use in his first annual account, and also in his final account. Whether this was done by oversight, mistake or fraud, it was against conscience, was unjust, and ought to have been corrected. See 2 Story's Eq. Juris., § 885; Marine Insurance Co. v. Hodgson, 7 Cranch, 332.

That it was alike the duty of the probate court to have considered the facts stated in the amended bill of review, and, on proof of them, to have granted the relief prayed for, is conclusively shown by the ruling of our own high court of errors and appeals in the case of Gadsbury v. Perry et al., 27 Miss. 114–116. Even if the dissenting opinion of Justice Fisher, given in that case, should now be held to be the correct exposition of the law, the demurrer in the case at bar should have been overruled. In this case, the bill shows a good and sufficient reason why complainant, Bowen, did not contest the allowance of the final account. By the false and fraudulent representations of the administrators of Seale, he was led to believe it was right and proper, and was induced to make no resistance at that time. Moreover, the bill shows that there is error of law apparent upon the face of the decree. These are good and sufficient reasons why a court of equity, even, should have overruled the demurrer to the bill. Person & Marye v. Nevitt, 32 Miss. 180–182; Webster v. Skipwith, 26 Miss. 341–346, etc.

If this court should determine that, under the Rev. Code, 431, art. 33, the rule of the probate court is alike restricted to that of the chancery court, even then the demurrer to the amended bill in the case at bar was improperly sustained. As in the case of Webster et al. v. Skipwith, 26 Miss., found in the opinion of the court on page 348, "there can be no controversy in relation to the injustice of the judgment" allowing the final account. "There is sufficient in the record to show that the judgment" allowing the final account "was obtained through mistake of fact," and that mistake of fact was even fraudulently concealed from Bowen by Seale. Then apply the

rule as laid down by Judge Story, and quoted in the same opinion of our high court on the next succeeding page (349), and that laid down by Chief Justice Marshall on the following page (350), and, when so applied to this case, the conclusion will be inevitable that the demurrer was improperly sustained in the court below.

This court, in the case of Denson v. Denson, 33 Miss. 560, amplify the rules which rightly govern our probate courts in their adjudications on bills of review. It will be there seen that it was not only the duty of the probate court, in this cause, to consider fully the bill of review, but also to consider, falsify and surcharge the final account; but that the error of the court below, in both cases, may be rightly brought to this court by the same writ of error.

*McFarland & McIntosh*, for defendants in error.

In the original bill it is said that "since the rendition of the final decree, etc., orator has discovered an error," etc., therein, "prejudicial to the interest of" George Bowen's estate, "in this, that in said final account the said Jesse Seale was allowed a credit for the sum of $1,100 improperly, and for which sum he was not legally entitled to credit."

1. Upon inspection of the record or decree no such error is *apparent* therein, and in order to support a bill of review for errors of law, the rule is too general to admit of doubt that they must be *apparent* upon the record or decree complained of. 2 Madd. Ch. marg. p. 537, 542 *et ubique;* 1 Harr. Ch., pp. 137, *et seq.;* Story's Eq. Pl., §§ 404, 405, 407, 411, 634 *a;* 13 Pet. 6; Iler v. Routh's Heirs, 3 How. (Miss.) 276; Stark v. Mercer, ib. 377.

2. If it is contended that the bill is based upon newly discovered matter, then it is deficient in not stating that the newly-discovered matter could not, with reasonable diligence, have been discovered and used at the time of the rendition of the decree sought to be reviewed. 2 Madd. Ch. 340, *et seq.;* Story's Eq. Pl., §§ 412, 413, 414, 415, 417.

3. The *amended* bill of review recites, that "in the allowance of the final account, and in the rendition of the decree, *manifest* errors of law were committed," and then goes on to specify the "manifest" errors. The allegations of this part of the bill are of *errors of law apparent* upon the face of the record or decree, or at least substantially so. The error complained of, upon examination, it will be ascertained, consists in the action of the court in allowing these credits without lawful vouchers. This is not error of law *apparent* upon the face of the record. Executors and administrators are warned (Rev. Code, 1857, p. 443, art. 82), that payment made by them upon claims, not proved according to the rules therein laid down, are made at their own risk. That is all. It merely shifts upon them the *onus* of proving the validity of the claim, when not thus proved, paid off by them. And, inasmuch as the court examined these claims and passed upon them, the presumption is, that proof was made of the validity of the claim, and the court duly satisfied of the propriety of the administrator's or executor's conduct as to payment of these claims before rendition of its decree justifying the executor in that behalf, hence we insist, that the condition of the vouchers affords no basis for the allegation that there is error of law apparent upon the face of the decree. It was competent for the executor to produce proof, showing that the payment of the claim was a proper disbursement of the money under his control, and it was the duty of the court, under the circumstances, to hear it, and if satisfactory, its action in allowing it was as thoroughly justified (nay more so) as if the claim had passed under its inspection with all the *indicia* of correctness flowing from the fullest conformity with the rules regulating vouchers.

Nor will the facts detailed in the bill which are made the foundation of the charge of fraud afford grounds to set aside the judgment complained of under the general prayer of relief, viewing this not as a bill of review, but as a bill to set aside a decree obtained by fraud.

It will appear from the bill itself that the annual account
of Jesse Seale, as executor of Bowen, deceased, was on file,
and that it was allowed by the court, and certainly, there-
fore, accessible to the complainant for a great while before
the filing by appellees' administrators of Jesse Seale, execu-
tor, etc., of a final account of Jesse's actings and doings as
executor of Bowen. It also appears from the bill that all
parties at interest, complainant, therefore, among the num-
ber, were properly notified of the pendency of the final
account filed by appellees, and to set aside the decree ren-
dered thereon, because of his reliance upon their assurances,
with the whole of the matters of which he now complains
as open then for objection as they would be now if the
prayer of the bill were allowed, would be, we respectfully
submit, descending from that dignity of conduct and firm-
ness of purpose which has always contributed so largely to
enforcing respect for the action of tribunals whose delib-
erate decrees are not abrogated upon frivolous pretexts.

1. It does not appear that reasonable diligence was used
to procure the testimony which was necessary, therefore the
demurrer was properly sustained. Story's Eq. Pl. (7th
ed.) §§ 404, 413, 414; 2 Johns. Ch. 488; 3 ib. 124; 1 Jac.
243; 11 Sim. 456, 463; S. C., 1 Phill. Ch. 182.

2. It was necessary to *state in bill of review* that leave
of court was obtained to file it. Story's Eq. Pl., § 420; Mit-
ford's Eq. Pl. (by Jeremy) 88, 89; Cooper's Eq. Pl. 95, *et seq.*
As the fourth ground of demurrer was *general*, it reaches
this defect, *especially* as the *record* shows no order of the
court allowing filing.

The grounds alleged in the *amended* bill were, "error
apparent upon the face of the record," "newly discovered
matter," and "fraud."

3. The "error" alleged to be "apparent," etc., is the
terms used in making the entry touching the $1,000, the
$100 and the $48 05, claimed as credits taken in connec-
tion with the *absence* of a "legal" voucher.

The *entry* by the executor shows the $1,000 to have been

"upon allowance," and it is inferential from its position, etc., that the $1,000 was the same. If so, no error appears on the face of the proceedings.

4. The statements of the bill do not place the parties within the rule, allowing reviews upon the ground of "newly discovered matter." The bill undertakes to show *how* and *why* this matter was not used at the time the original proceedings upon the final account were had, and so far from showing diligence to obtain all the testimony, or that the same "could not have been used" in the proceedings upon which the decrees ought to be reviewed is based, discloses the most unusual *laches.* Story's Eq. Pl., § 414, and authorities cited.

5. The circumstances stated in the bill do not amount to "fraud," and are, therefore, demurrable. Story's Eq. Pl., §§ 639, 645; Cooper's Eq. Pl. 217, 218.

Where there is a general sufficient allegation of fraud, or where the circumstances upon which the charge is based are narrated in the bill, and upon examination are found to constitute fraud, a demurrer to the bill is improper, but where the charge is made, predicated upon facts detailed in the bill which do not make out a case of fraud, a demurrer may be taken.

TARBELL, J. :

This case comes here from the probate court of Chickasaw county. It appears from the records that Jesse Seale, James Bailey and R. C. Bowen were joint executors of the will of George Bowen, deceased. After several years of joint exercise of this trust, Jesse Seale died, and Jerry Seale and Ann Seale were appointed administrator and administratrix of his estate. Afterward the letters of James Bailey and R. C. Bowen, as executors of George Bowen, deceased, were revoked, and M. J. K. Bowen was appointed administrator, *de bonis non.* In January, 1866, the administrator and administratrix of Jesse Seal, deceased, filed with the probate court of

Chickasaw county, the final account of their intestate as one of the executors of the will of George Bowen, deceased.

Thereupon it was ordered that notice be given to the several persons interested in the matters of said account, to be returnable to the March term, 1866, of that court. Publication of the notice was also ordered.

Except in the recitals of the final decree, there is nothing in the record to show service or publication of the notice.

At the September term, 1866, the court made its final decree, by which the estate of George Bowen, deceased, is decreed to be indebted to Jesse Seale, as executor, etc., in the sum of $548 25, and that Jerry Seale and Ann Seale, administrator and administratrix, have and recover of M. J. K. Bowen, administrator, etc., to be levied of the goods and chattels, *lands* and *tenements*, of the estate of George Bowen, deceased, in his hands, for which execution may issue.

At the May term, 1867, of the court below, M. J. K. Bowen, administrator, etc., filed a bill of review, asking the correction of alleged errors in said final account. A demurrer to this bill was sustained by the court.

At the June term, 1867, of the same court, the said administrator filed an amended bill of review, setting out the appointment of Seale, Bailey and Bowen as executors of Bowen, deceased ; his own appointment as administrator ; the decease of Jesse Seale ; the appointment of Jerry Seale and Ann Seale as administrator and administratrix of the estate of Jesse Seale, deceased ; the filing of the final account of Jesse Seale, deceased, as one of the executors of George Bowen, deceased ; the decree thereon, with the allowance of execution ; that there was allowed in the final account the sum of $1,148 05, without vouchers and without authority of law, which had been before allowed in the first annual account of Jesse Seale, deceased, in his life-time ; that Jerry Seale and Ann Seale, administrator and administratrix, fraudulently concealed from the complainant the fact that the above sums had been once allowed to the intestate in

his life-time, and were pending for allowance in the final account; that the complainant was assured by said Jerry and Ann Seale of the justness, legality and propriety of the credits claimed in the final account, and that, if at any time thereafter it should be ascertained to the contrary, the errors should be corrected; that, as administrator *de bonis non,* the complainant was unfamiliar with the papers in the estate of the deceased, and wholly ignorant of the true facts of the case, and fully confiding in the assurances and promises of said Jerry and Ann Seale, administrator and administratrix, he was induced to make no further examination into the facts, and to allow the final account to be allowed without answer or exception thereto; wherefore, the complainant charges the decree to have been obtained by fraud, against law, right and justice, and in violation of the rights and interest of the estate of George Bowen, deceased. In conclusion, the bill of review prays for a review of the final account and of the decree thereon; that the final account be surcharged and falsified, and for general relief.

The bill of review, as amended, is sworn to.

To this amended bill a demurrer was filed, stating the following causes of demurrer:

"1. No such interest is shown in the subject-matter of said bill as will entitle said complainants to institute or prosecute the same.

"2. The said bill does not allege or set forth the errors in law, apparent upon the face of the decree sought to be reviewed.

"3. Said bill does not show new relevant matter discovered in time, since the rendition of the decree attempted to be reviewed, that might not, with reasonable diligence, have been used before the rendition thereof.

"4. No such fraud is shown as will authorize the court to set aside the decree assailed by the bill of review."

The court overruled the first cause assigned for demurrer and sustained the remaining causes, and dismissed the bill.

Whereupon, the complainant brought writ of error. Several causes of error are alleged, as follows:

"1. The court below erred in allowing the final account of Jesse Seale, *one* of the executors of the last will and testament of George Bowen, deceased, without first bringing into court, by process or by publication of notice, James Bailey and R. C. Bowen, his co-executors.

"2. The court below erred in allowing to Jesse Seale, *one* of the executors of the last will and testament of George Bowen, deceased, in this: That it was composed, in part, of credits transcribed from exhibit 'B' to said final account and in items, as stated in exhibit 'B,' say, for 'cash paid executor,' *alias* himself, $1,000, without any legal voucher, and not in satisfaction of any just or legal demand against the estate of George Bowen. Also, for this sum, 'cash paid same, $100,' without any voucher, and *not in* satisfaction of any just or legal demand against the estate.

"4. The court below erred in sustaining the demurrer of Jerry Seale and Ann Seale, administrators to the bill of reviews filed by M. J. K. Bowen, adminstrator *de bonis non* and heir of George Bowen, deceased.

"5. The court below erred in sustaining the demurrer of Jerry Seale and Ann Seale, administrators to the *amended* bill of review filed by M. J. K. Bowen, administrator *de bonis non* and heir of George Bowen, deceased.

"6. The court below .erred in dismissing the amended bill of review, without giving M. J. K. Bowen the right or opportunity to plead' further, having overruled the first cause.

"7. The order of publication for the non-residents, heirs of George Bowen, does not state their post-office, nor does it require the clerk to send notice to them.

"8. The decree against appellant as administrator *de bonis non* of George Bowen, directs the issuance of an execution, to be levied of the goods and chattels, *lands and tenements*, in his hands to be administered. The error is in decreeing an execution to be levied of the *lands and tenements*."

The bill of review is filed under art. 33, p. 431, Rev. Code, which is as follows: Art. 33. "The probate court may, at any time, within two years, allow a bill of review to any final order or decree of the court, in the same manner, and according to the same rules that courts of chancery entertain such bills, saving to minors not having a guardian, or whose guardians have not been served with process, the same time after the removal of the disability to file such bill. And in the proceedings for a final settlement, the court may allow any party interested to surcharge and falsify any annual or partial settlement of any executor, administrator or guardian."

Errors in the dismissal of a bill of review, and errors in the final decree sought to be reviewed, may be examined by one and the same writ of error (33 Miss. 560), unless the recitals in the final decree may be so regarded; the record affords no proof of service and publication of notice of final settlement, as ordered by the court. Nothing appearing in the record to falsify these recitals, they are held to be, at least, sufficient. 8 Smedes & Marsh. 421; 2 ib. 213; 14 ib. 75; 1 How. 527; 29 Miss. 138; Barker v. Shepard, 42 ib.

The final decree, in awarding execution against "*lands and tenements*," in the hands of the administrator, was erroneous. Were this the only error, it might, perhaps, be corrected, and judgment here; but the case must go back to be heard on the merits. Buckingham v. Nelson, opinion book J.

Within the case of Gadsberry v. Perry, 28 Miss. 118, the bill of review in the case at bar was amply sufficient, without the allegations of fraud. The court erred in sustaining the second, third and fourth causes of demurrer, and in dismissing the bill. The bill charges that the sum of about $1,200 had been previously allowed to Jesse Seale without authority of law, and without any legal authority of the court to allow the same, the said sum having been appropriated to his own use and benefit, and allowed as a credit, without any legal or proper vouchers, contrary to law, and

against the rights of the estate. And the complainant further charges, that Jerry Seale and Ann Seale, administrator and administratrix, fraudulently concealed from him the fact that their intestate had so used and appropriated to his own use the said sums of money, and that the same had been allowed to him in his first annual account and was then pending for final allowance ; but that said Jerry and Ann Seale assured him that all of the credits claimed were legal and just and proper credits, or, if discovered to be erroneous at any time, they should be corrected. The complainant further says, that he was unfamiliar with the papers of the estate, and ignorant of the true facts of the case ; but that, confiding in the representations and assurances of the said Jerry and Ann Seale, he was induced to make no further examination into the facts, and to allow the final account to be approved without objection or exception ; wherefore, he charges the allowance of the final account and the final decree to have been obtained by fraud. The allegations that this money had been appropriated by the executor to his own use and benefit, and was allowed to him without proper or legal vouchers, in connection with the assurances of their justness, legality and propriety, by which the complainant was induced to waive objections and investigation, are certainly serious, not merely to the estates interested, but they involve what is more important than money — the character for integrity, not of one, but of several, is involved. There is a general impression, whether well founded or not we do not profess to declare, that the estates of decedents are too often subjected to improvident, illegal and other losses. It should be the duty of the courts to protect these estates, and to hold those in charge of them to a strict account. The exposure of the unfaithful is a special obligation. The allegations of the amended bill of review were such as to demand prompt investigation, and the bill should have been sustained for that purpose. While, on the one hand, unnecessary litigation should not be encouraged ; on the other, no merely technical obstacle,

within the power and discretion of the courts, should be suffered to prevent an investigation with a view to the real truth and justice of the matter in controversy.

Art. 33, p. 431, Rev. Code, is substantially the same as Hutch. Code, and Gadsberry v. Perry, 27 Miss., is the law of this class of cases.

The decree of the probate court dismissing the amended bill of review, and in sustaining the demurrer thereto, is reversed, and this cause is remanded to the chancery court of Chickasaw county.