MARTHA A. MORRIS v. JOHN MORRIS, Executor, &c.

The high court of errors and appeals can only notice so much of a record as .is brought before them by the writ of error; and matters subsequent to the judgment constitute no part of this case.

If the appellant feels aggrieved by the judgment rendered, she should make application in the proper form to the probate court, which alone has jurisdiction over the question.

IN error from the probate court of Hinds county; Hon. A. L. Dabney, judge of the probate court of Hinds county.

Martha Morris, who is the widow of William P. Morris, deceased, and Joseph Henry Morris, Mary E. Morris, Flora Morris, and Bettie Morris, who are minor children of said William P. Morris, deceased, by their next friend, Martha A. Morris, filed their petition before the high court of errors and appeals, in which they stated that on the 13th day of January, 1851, a paper purporting to be a copy of the last will and testament of William P. Morris, deceased, was presented to the probate court of Hinds county by John Morris, and application was made by him for letters testamentary thereon; and such proceedings were thereupon had in said court, that said paper purporting to be a copy of the last will and testament of William P. Morris was ordered to be filed and recorded, and letters testamentary were thereupon granted to the said John Morris as executor of William P. Morris, deceased. The petition stated that in the record and proceedings in said probate court, touching the matters aforesaid, error had intervened, to the prejudice of petitioners, who pray for a writ of error returnable to the high court of errors and appeals, at the next term, that said errors may be corrected, &c.

The court granted the prayer of the petitioners.

*Burwell, Yerger*, and *Rucks*, for appellants.

*Adams* and *Dixon* for appellee.

Bishop *v.* McDonald.

Mr. Justice FISHER delivered the opinion of the court.

This case is before us upon a writ of error to a judgment of the probate court of Hinds county, made on the 13th day of January, 1851, ordering, " that a paper purporting to be the last will and testament of William P. Morris, deceased, be filed and recorded; and that letters testamentary be issued to John Morris," the defendant in error.

There is nothing in the record showing that the plaintiff in error was a party to this proceeding, or that she is the widow of the testator, and therefore entitled to question the correctness of the judgment. We can notice only so much of the record as the writ of error brings before us. Matters subsequent to the judgment constitute no part of the present record, as they are not comprehended by the writ of error. The proceedings appear to have been entirely *ex parte*, and if the plaintiff in error has such an interest in the estate, or in opposition to the executor under the will, as to be affected or injured by the judgment, she should make her application in the proper form to the probate court, which alone can settle the question as to who are distributees of the estate, or entitled to administration, if the deceased shall be judged to have died intestate. This court has no original jurisdiction in regard to these several matters, and can only revise the action of the court below, when it shall appear to have acted in the premises.

The writ of error must, therefore, be dismissed.