WILLIAM SANDERS, Plaintiff in Error, *v.* YOUNG and COFFMAN, Defendants in Error.

1. PARTNERSHIP.—The legal interest of a debtor partner in the co-partnership property, is subject to levy and sale under execution or attachment, for his individual debts.
2. SAME: LEVY ON INTEREST OF A PARTNER.—The sheriff in making a levy upon the interest of one of several co-partners, in the partnership property, must seize the whole partnership property, if necessary to pay the debt, and not the undivided and unascertained interest of the debtor co-partner; and it is his duty after such levy to retain in his exclusive possession the partnership property, until it can be disposed of by due course of law.
3. SAME.—The effect of a levy of an execution or attachment against one of several co-partners, upon the co-partnership's property, is to dissolve the co-partnership and to make the sheriff and the other partners tenants in common.
4. SAME: INTEREST OF A PARTNER IN PARTNERSHIP'S PROPERTY.—The *legal* interest of a co-partner, in the partnership's property, is his proportionate share of the property belonging to the partnership, and not his proportionate share of what

remains after a final settlement of the partnership affairs, and it is this *legal* interest which the sheriff seizes and sells, under an execution or attachment, for the individual debt of a co-partner; but the solvent partner may, at any time, whilst the creditor is pursuing his remedy against the debtor co-partner, through the interposition of a court of equity upon proper showing, limit such creditor to the *actual* interest of the debtor co-partner in the partnership, after a settlement of the partnership accounts.

In error from the Circuit Court of Carroll county. Hon. W. L. Harris, judge.

*W. Brooke*, *W. B. Helm*, and *J. Z. George*, for plaintiff in error,

Cited Hutch. Dig. 551; *Taylor* v. *Fields*, 4 Ves. Jr. 396; Story on Partn. §§ 97, 341, 401, 262; Freem. Ch. R. 77; 2 Johns. C. R. 548; 7 How. (Miss.) R. 318; 16 Johns. R. 106, 109; *Crane* v. *French*, 1 Wend. 311; *Dunham* v. *Murdock*, 2 Ib. 553; *Nicol* v. *Munford*, 4 Johns. Ch. R. 525; *Johnson* v. *Evans*, 7 Man. & Gran. 240; 49 Eng. Com. Law R. 240; *Burwell* v. *Acker*, 23 Wend. 606; *Lyndon* v. *Gorham*, 1 Gallison, R. 366; *Fisk* v. *Henrick*, 6 Mass. R. 271; 1 Salk. 392; 2 Ld. Ray. 871; 3 Bos. & Pul. 289; 2 Swanst. 586; 17 Ves. 199; 2 Ves. & Beam. 300; 4 Johns. Ch. R. 522; 5 Ib. 60; 1 Johns. R. 34; 17 Mass. 206; 7 N. H. R. 357.

*Harrison* and *Matthews*, for defendants in error,

Cited Hutch. Dig. 802; 6 Munf. R. 111; 3 Ala. R. 319; 24 Wend. 389; 7 How. (Miss.) R. 318; Collyer on Part. 707; Story on Partn. 373, 374; 12 Wend. 131; 4 Hill. (N. Y.) R. 161; 2 Ib. 47; 2 Metcalf, R. 39; 7 Man. & Grang. 240; 8 B. Monroe, R. 484; 3 Denio, R. 125; 7 New H. R. 382; 12 Ala. R. 681; 5 Blackf. R. 337; 4 Yeates, R. 477; 1 Am. Lead. Cases, 469–474.

Fisher, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Carroll county.

The main facts as disclosed by the record are these;—M'Rae and Coffman, sued out a writ of attachment against one Richard

M'Connell, who was at the time a co-partner of the plaintiff in a mercantile house, in the town of Carrollton; and the sheriff Young, levied the writ upon the interest of M'Connell, in said firm, and took into his possession the entire stock of goods, retaining the same in possession until the attachment was disposed of by due course of law. The plaintiff, alleging that he sustained damages to a considerable amount, brought this action against the sheriff and Coffman, in the court below. The defendants demurred to the complaint of the plaintiff, on the ground that the sheriff in taking the entire stock of goods into his possession, did no more than he was authorized to do under the law, and the court sustained the demurrer, from which judgment this writ of error has been prosecuted.

It will at once be perceived, that the only question for decision is, whether the sheriff in levying the attachment in order to reach the interest of one partner for the payment of his individual debt, could legally take into his custody the entire stock of goods, thus interfering it may be supposed to some extent with the rights of the other partner.

It is now too firmly settled to be questioned, by both policy and authority, that the interest of a debtor in co-partnership property, may be the subject of levy and sale for the payment of his individual debts. If it were not so, all the debtor would have to do to screen his property would be, to keep it employed in co-partnership purposes. It may also be assumed, that whatever can be subjected to execution after judgment, may, under the provisions of our statutes, be taken by attachment, where such proceeding is authorized before judgment. These questions settled, we will proceed to inquire what were the rights of the creditor and the duty of the sheriff in executing the writ of attachment.

This question, like all others at the present day, upon either side of which a plausible argument can be made, is left in a state of great uncertainty by the authorities. This uncertainty, however, it is believed, has been produced by courts of law, adopting as a guide for their decisions, rules which more appropriately belong to courts of equity. The first point to be settled is, what interest of the debtor partner can be seized on an execution against

him? The answer is, his legal interest, to wit, one undivided half of the goods, if the co-partnership is composed of only two persons. This being the interest which the law recognizes as liable to the execution, the sheriff must levy, if the whole interest be necessary to satisfy the debt, in such manner as to accomplish the desired end. The debtor's legal interest is what the sheriff is commanded to subject to the payment of the debt. How is this interest, consisting of an undivided half, to be ascertained? Before the half of any commodity can be ascertained, we must know what constitutes the whole. Nothing could be imagined more absurd than to command the sheriff to seize under an execution, the half of an unknown or unascertained whole interest in a stock of goods. The right to levy upon a half interest, implies the further right to employ the means for ascertaining such interest. The whole interest must be known before the half interest can be ascertained. The creditor having the right to subject this interest to the payment of his debt, the law gives him the means for ascertaining it, which can be accomplished only in the way we have stated, by a levy upon the whole stock of goods.

Again, the right to make the levy implies the further right, or rather duty in the sheriff, to take care of the property until it can be disposed of by due course of law. He is held accountable for the property as it was at the time of the levy; and were he to permit the other partner to continue his sales by retail, nothing might remain to satisfy the demand of the creditor, when the time arrived for converting the property into money. The partner can no more interfere with the rights of the creditor in the property, than the creditor could interfere with the partner's rights. One stands upon his title to the property, and the other upon his right to subject it to the payment of his debt. So far as legal rights are concerned, they may be said to stand upon an equal footing. Admitting that the sheriff has no exclusive right to the possession of the property, his right in this respect is equal to that of the partner; and if he were let into possession, it would only be for the purpose of keeping the goods safely till a disposition should be made of them by law. If he could make a sale at all, it would have to be made in gross, and not in the usual way by retail, and in any event no de-

Sanders *v.* Young et al.

livery of the article could be made until the levy should be removed by regular course of proceeding. The effect of the levy is to dissolve the co-partnership, and to make the sheriff and other partner tenants in common.

This is the manner in which the law views the rights of both parties; and a different course of proceeding only takes place where some countervailing rule of equity is invoked by the solvent partner. It is the creditor's right to subject the legal interest of the debtor partner to the payment of his debt; and it is, at the same time, the right of the other partner, upon a sufficient showing, to invoke the aid of a court of equity, at any time while the creditor is pursuing this legal right, to limit such creditor to the actual interest of the debtor, upon a final settlement of the co-partnership accounts, and to such course of proceeding as will protect the partner against loss, arising from the delay in the sale of the goods, or from any other cause. If, however, the partner permit the creditor to proceed by regular proceedings at law, without resorting to his equitable remedies, he cannot complain, or maintain his action for damages afterwards. The creditor was but pursuing his remedy in the proper way, by appealing to the law, and his rights were equal to those of the partner. The courts of equity were as open to him as the courts of law were to the creditor. It was neither the business of the creditor nor of the sheriff, to investigate the partner's equity, and to institute the proper proceedings for him. He was bound to take notice of his own rights.

Thus viewing the question, we are of opinion, that the judgment of the court below is correct.

Judgment affirmed.

*Note.*—This case was decided in January, A. D. 1856.