ISAAC DENSON and THOMAS C. DENSON, Admrs., *v.* SUSAN DENSON et al.

1. PROBATE COURT: BILL OF REVIEW: WRIT OF ERROR.—Error in the dismissal of a bill of review, as well as errors in the decree sought to be reviewed by the bill, may be examined by one and the same writ of error.

2. BILL OF REVIEW: PRACTICE: PROBATE COURT.—A bill of review may be filed for errors apparent upon the face of the decree and proceedings, without first obtaining leave of the court. Mitf. Pl. 84.

3. PROBATE COURT: DECREE: BILL OF REVIEW: PRACTICE.—The statute (Hutch. Code, 763, § 59) recognizes the right of filing a bill of review, without a performance, on the part of the complainant, of the decree sought to be reviewed; but the filing of such bill will not affect the execution of the decree, unless the complainant, by order of court, execute a bond, or give security, as provided by the statute.

4. EXECUTOR AND ADMINISTRATOR: WHEN OFFICE OF TRUSTEE CEASES.—The office of a trustee ceases only with the final execution of his trusts, and hence the settlement by an administrator of his final account, can be regarded as a discharge, only so far as the matters correctly embraced in the account are concerned. *Henderson* v. *Winchester*, 31 Miss. Rep. 290; *Davis* v. *Chevis*, Id. 32.

IN error from the Probate Court of Rankin county. Hon. James Finlay, judge.

The facts in this cause are sufficiently stated in the opinion of the court.

*George L. Potter,* for plaintiff in error.

*W. C. Harper*, for plaintiffs.

*Freeman & Dixon*, for defendants.

HANDY, J., delivered the opinion of the court.

The defendants in error, as distributees of the estate of James Denson, deceased, filed their petition at the October Term, 1850, of the Probate Court of Rankin county, against the plaintiffs in error as administrators of that estate, praying for a final settlement, and alleging various matters, on account of which the administrators were chargeable. The plaintiffs in error being non-residents of this State, an order of publication was made by the court, and published according to law, requiring them to appear and answer the petition, on the first day of the succeeding December Term of that court, to be held on the fourth Monday of December. It is alleged, among other things, in the petition, that the administrators made a pretended final settlement with the court, at May Term, 1842, which was void for want of the notice required by law; that at September Term, 1842, they having then removed from the State, an order of publication was made and published, requiring them to make a final settlement, and upon their default, that their letters were revoked; but that this order was void for want of proper citation. The inventory and report of appraisement, and the report of sales returned by the administrators, are made exhibits, and they are sought to be charged thereupon for the gross amount, and for other sums of money due the estate, collected by them.

On the first day of the December Term, 1850, the petition was taken as confessed, the administrators having failed to appear and answer; and a decree was thereupon rendered against them, setting aside the previous settlement made by them, establishing an account of indebtedness against them, set up in the petition, and ordering that the sum thereby claimed should be paid with interest at eight per cent. per annum, from May, 1842, to the date of the decree.

At February Term, 1851, the plaintiffs in error filed their bill of review, for errors apparent on the face of the decree and proceedings, and complaining of the following errors therein.

That the *pro confesso* and final decree were taken without legal notice; that no account was taken nor proof adduced, to show that

the sum decreed was due; that they are charged with the amount of certain notes and accounts as due the estate, without allegation or proof that the administrators ever collected the same, or knew of their existence; that they are charged with the value of a slave, Eliza, when the petition shows that said slave is still part of the estate; that they are charged with the appraised value of all the slaves of the estate, when the petition shows that all but one of them were sold at specific prices; that they are charged with the full amount of their report of sales exhibited, when it thereby appears that Susan Denson, one of the parties in whose favor the decree was, was the purchaser of all the property thereby reported as sold, and there was no proof that she had paid the purchase-money; that they are charged with the entire amount of the inventory of notes and debts due the estate, returned by them to the Probate Court, although a large amount of the same appears by the inventory to be "desperate," and there was no other proof to charge the administrators with said debts; that the credits allowed the administrators are insufficient, according to the showing of the petition; that said Susan Denson had received her portion of the estate, as was shown by the petition and proceedings, and was thereby precluded of further demand against the administrators; and that the decree was erroneous in charging any amount against them.

The defendants in error thereupon, without demurrer, plea, or answer, moved to dismiss the bill of review on the following grounds:

1st. Because no leave of court was first obtained for filing it.

2d. Because the complainants did not pay the costs, nor make any deposit, nor give any security therefor.

3d. Because the complainants had not performed the decree, nor offered performance, or any security therefor, or excuse for their failure.

4th. Because the bill is insufficient in law to warrant the relief sought.

The motion was sustained and the bill dismissed; and thereupon this writ of error was sued out, embracing as well the decree dismissing the bill of review, as the original decree of account against the administrators.

A preliminary objection taken here to the writ of error, as upon motion to dismiss it, is first to be disposed of. This objection is,

that the writ of error embraces both the original decree establishing the indebtedness of the administrators, and that dismissing the bill of review; and it is insisted that both of these proceedings cannot be joined in the same writ of error, and therefore, that the writ of error is irregular and void.

Conceding that the writ could not be effectual as to both proceedings, yet if it was sufficient as to either of them and ineffectual as to the other, that would be no good ground for holding it void *in toto*, because it attempted to bring up a matter to which it would not lie, at the same time with one to which it would lie. There can be no doubt that it would lie to the decree dismissing the bill of review; and although such a bill, is in certain respects an independent proceeding, yet it has direct reference to the original decree, and brings up for consideration the errors therein contained. If the bill of review be properly filed, so as to give the court jurisdiction of it, according to the rules regulating such a proceeding, the consideration of it upon writ of error necessarily involves the errors in the original decree, without embracing that decree specially in the writ. But if the bill of review be improperly filed, so that it could not be entertained for any purpose by the court, that could not deprive the complainant of his writ of error to the original decree. But no sufficient reason is perceived why he should not be permitted to have the question of the propriety of the filing of his bill of review, as well as the matters of error in the original decree, examined by means of one and the same writ of error. For the writ, in either respect, has reference to the same substantial thing,—the errors in the original decree. And in such a case, though there was error in dismissing the bill of review for non-compliance with the rules regulating the filing of such bills, yet if upon consideration of the original decree and proceedings, there was found to be no error upon their face, the decree would be affirmed upon the writ of error. This practice is also sanctioned by the well-established principle of chancery proceedings, of saving expense and preventing multiplicity of suits, and we, therefore, do not consider this objection tenable.

We will next consider the questions arising upon the dismissal of the bill of review.

The first ground for the dismissal is, that it was filed without

leave of court. But this was no sound objection to a bill of review, for errors apparent on the face of the decree and proceedings, as this was. Mitf. Pl. 84.

The second and third grounds for dismissal may be considered together,—that the complainants did not pay the costs of the original decree or the money decreed to be paid, nor offer any security for the same nor excuse for their failure.

The ancient rule in England upon this subject was, that the complainant was required to give security for costs and damages before the bill could be filed, which was afterwards changed so as to require the deposit of 50l. with the registrar as a pledge for costs and damages. It was also directed by one of the general orders in chancery, that to entitle a party to file a bill of review, it was necessary that he should have obeyed and performed the decree. 3 Daniel's Ch. Pr. 1730. But these rules can have no operation here, when they are in conflict with the provisions of our statutes, or the principles on which these statutes are founded.

Our statute authorizes the chancellor, in his discretion, upon the presentation of a bill of review, to direct that proceedings upon the original decree be stayed until a decree shall be made on the bill of review, or until further order upon security given, as in cases of appeal or injunction, and this upon all bills of review pending in the Superior Court of Chancery. Hutch. 763 § 59. This provision is a material departure from the English rules; and it is manifest that it is irreconcilable with the existence of the rule, that in all cases the complainant should perform the decree, before he could file his bill of review; for if he had already performed the decree, it would be nugatory to have an order staying its execution. The statute plainly recognizes the right to file a bill of review, without restriction, except that the execution of the decree shall not be stayed but by the execution of a bond; thereby placing the right to file such a bill on the same footing as an appeal or writ of error, both of which are regarded by our statutes as matters of right.

This course of practice appears to be clearly implied in the statutes, and it appears to be just, in its operation. For if the complainant was allowed to prosecute his writ of error to this court upon the original decree, there could be no just reason why he

Denson, Admr., *v.* Denson et al.

should not be entitled without restriction to his bill of review, (which is in the nature of a writ of error), in the chancery or probate court, the effect of the proceeding in either case being not to suspend the execution of the decree, unless bond be given.

We therefore think that the statute recognizes the right to file a bill of review, without performance of the decree, but not to affect the execution of the decree until the case be decided upon the bill of review, unless the complainant shall, by order of the court, execute bond or give other security, as is provided by the statute; and consequently, that the bill of review in this case was properly filed, and should not have been dismissed on this ground.

The last ground of the motion is not now insisted upon, and it is clearly not maintainable, as some of the grounds of error, complained of in the bill of review, are manifestly well assigned.

We do not consider it necessary, in the present state of the case, to express any opinion upon the various grounds of error complained of in the bill of review, as those points consist mostly in matters of fact, which will be more appropriately presented in the court below, when the facts will be more fully shown by the pleadings and proofs. But a question has been raised here in behalf of the plaintiff in error, which is necessary to be settled. It is objected that the petition of the defendants in error, for distribution, should not be entertained, and that no decree upon it against the plaintiffs in error should be made, because their letters of administration had been revoked, and that afterwards, the Probate Court had no jurisdiction over them to compel them to account. But we have heretofore held this objection to be untenable. *Henderson* v. *Winchester*, 31 Miss. 290; *Davis* v. *Cheves*, decided at the last term and not reported. And we are satisfied with the correctness of the rule therein declared.

The decree dismissing the bill of review is reversed, and the case remanded for further proceedings upon the bill of review.