GATES & PLEASANTS et al. *v.* JOHN C. FLINT and wife.

1. ATTACHMENT : EXECUTION : HOW LEVIED ON PERSONALTY.—It is essential to the validity of a levy of an execution or attachment on personalty that the property be taken into the possession of the officer, or his agent ; and if, in a proceeding by attachment, a pretended levy be made on a chattel, without the officer ever taking it into possession, the judgment will be void as to that property.

APPEAL from the Chancery Court of Monroe county. Hon. Joel M. Acker, chancellor.

*Dowd* and *Sykes*, for appellants.

*Saddler* and *Perry*, for appellees.

HARRIS, J., delivered the opinion of the court:

The defendants, in behalf of the wife, Jane E. Flint, filed their bill in the Chancery Court to enjoin the sale of the slave George, claimed to be the separate property of the wife, levied on by virtue of an order of sale issued on a judgment in attachment in favor of plaintiffs in error against one Edward B. Mosely, the father of defendant in error, Jane E.

The bill states that many years before the time of filing said bill, the said Mosely gave the said negro boy—a child—to his said daughter; that on her intermarriage with John C. Flint she took said boy home with her and retained possession of him until afterwards, in the year       , one Vernon, a constable, came to her house and took said boy out of her possession by virtue of several attachments, in all of which she filed her claim, affidavit, and bond, according to law, and the boy was returned to her, and has remained in her possession ever since, (these attachments having been since disposed of;) that she was wholly ignorant of the levy of the attachment of Gates & Pleasants on said boy George, or she would have given bond, as in the other cases, and interposed her claim, &c.

The bill prays an injunction that the judgment and order of sale be set aside as to the boy George, &c.  An answer is filed by Gates, and *pro confesso* taken as to Vernon, the constable, who claims to have levied this attachment, without taking the property into his possession.  Gates, in his answer, denies from information the gift; charges that it was fraudulent; that the boy George belonged to her father, Mosely; admits the levies of the several attachments by constable Vernon; that bonds, &c., were given and property replevied; does not deny that the property *immediately* returned to the possession of Jane E. Flint, as stated in the bill, nor does he state that Vernon, the constable, who claims to have levied the attachment, ever had the possession of the boy George under his original levy.  He

denies that Jane E. Flint had no notice of the levy of his attachment, &c., &c.

An agreement is filed, showing the claims and bonds, &c., filed by Jane E. Flint, and records waived. The testimony of Jane E. is taken in open court, who proves the gift from her father, and that the boy has been *in her possession* ever since she gave the claim bonds to Vernon, &c., &c. Objections are urged against the competency of her testimony on several grounds, all of which it is not material to consider in the view we take of this case. On the bill and answer, it must be taken as true that the boy George never was legally in the possession of the officer who claims to have levied this attachment. If he ever made a levy it was abandoned by him, or the levy was void for want of possession of the property levied on. Personal property cannot be levied on without taking it into the possession of the officer or his agent. The *levy* being the only foundation of the judgment, in a proceeding by attachment against personal property, if there was no levy, or if the officer never took it into his possession at all, the whole proceedings founded on it were void as to that property.

The court should therefore have set aside the judgment and order of sale upon the attachment below, so far as the boy George is concerned, as well as the levy, and decreed that the same should be held for nought. But it should not have directed a trial of the right of property, as no such issue could be had or tried upon a void levy.

Let the decree be reversed, and decree rendered in this court, setting aside and annulling the levy on the boy George, the judgment and the order of sale under it, and all the proceedings affecting the boy George had under said levy and attachment.