## THOMAS MINTER vs. JOHN F. SWAIN.

1. DAMAGES: *Equity of redemption. Void sale thereof.*
S. obtained judgment against M. before a justice of the peace. Execution was issued thereon, and the constable levied upon the equity of redemption of M. in certain personal property which he had mortgaged but retained possession of. The levy was made without taking the property into possession. Upon the return of the execution M. moved to quash it, which was done; thereupon he sued S. for damages, etc. *Held*, that the levy of the execution was a fiction, the sale void, and neither the possession nor the title of M. was disturbed or affected by it; that the quashing of the execution was unnecessary, and that there was neither injury nor damage done to M.

ERROR to the Circuit Court of *Tallahatchie* County.

Hon. E. S. FISHER, Judge.

The facts of the case are fully stated in the opinion of the court.

The following is assigned for error: "The court below erred in adjudging said cause for the defendant, and in dismissing the appeal of the plaintiff in error."

*W. S. Eskridge*, for plaintiff in error:

Insisted that the question was important, and one of first impression in this state; argued the case *in extenso* on the law and the facts, citing: Fonda *v.* Van Horne, 15 Wend., 631; Allen *v.* Cary, 10 Wend., 349; Phillips & Brown *v.* Hall, 8 Wend., 610; Swan *v.* Saddlemire, 8 Wend., 676; Miller *v.* Baker, 1 Metc., 27; 1 Chitty Pl., 171 (12th Am. ed.); Gibbs *v.* Chase, 10 Mass., 125; Robinson *v.* Mansfield, 13 Pick.,

139 ; Wintingham *v.* Lapaz, 7 Cowen, 735 ; Miller *v.* Baker, 1 Metc., 27 ; 1 Hilliard on Torts, 86 ; Ashby *v.* White, 1 Smith's Leading Cases, 342, 357.

*Fitzgerald & Marshall,* for defendant in error :

We admit the general rule that when an invasion of a right is shown, though no actual damage is done, nominal damages will be given, but the rule does not apply in the case at bar. The agreement of facts shows that there was no interference or intermeddling by the constable or the defendant, at any time, with the property. The cases cited by counsel for plaintiff in error do not sustain the position taken by him. See Paul *v.* Shannon, 22 Vt., 231 ; 10 S. & M., 35 ; 39 Miss., 365 ; Owen *v.* Leigh, 3 Barnwall & Alderson (E. C. L.), 346.

CAMPBELL, J., delivered the opinion of the court.

Swain had a judgment against Minter, rendered by a justice of the peace, on which execution was issued. Minter had some personal property which he had mortgaged, but he had the property in his possession and use. The constable, without having seen the property or had it in his power, indorsed on the execution a levy of the equity of redemption of the mortgaged property, and afterwards made sale of it without having the property present, and without Minter having been disturbed in the possession or dominion of the property. Swain bid off the subject of the sale, and claimed to own the equity of redemption. Minter paid counsel $25 to have the execution quashed by the justice on its being returned, and it was quashed, and thereupon Minter sued Swain for damages. A verdict was had for defendant, and Minter appealed to the circuit court, where a trial by the court resulted in a judgment for defendant.

We have yielded to the earnest request of counsel for plaintiff in error not to dispose of this case on the principle *de minimis non curat lex,* and have carefully examined all the authorities cited and many more, and have reached the conclusion that the plaintiff has no cause of action. The levy of

the execution was a fiction. The sale was a mockery, and void, and neither the possession nor control nor title of Minter was disturbed or affected. The quashing of the levy and sale was wholly unnecessary. There was neither injury nor damage to the defendant in the execution. The claim of Swain to own the equity of redemption, by virtue of his purchase at the farcical sale, was *vox et præterea nihil*, as said by the supreme court of California in a case precisely like this in many features. Herron v. Hughes et al., 25 Cal., 555.

We have found no case in England or America which sustains the right of action in this case. In every one which sustained a right of action there was some *wrongful* act of defendant. In this case there was none. A valid levy and valid sale and purchase by Swain would not have subjected him to damages; *a fortiori*, will not proceedings which amounted to nothing and did no harm to Minter entitle him to recover. See the numerous cases cited in Hilliard on Torts, vol. 1, pp. 74 to 77 inclusive, §§ 6, 7, 3d ed., and cases cited in the opinions in those cases.

Judgment affirmed.