## T. O. WILLIS *v.* R. LOEB ET AL.

1. LEVY OF EXECUTION. *Undivided interest. Common law.*

   At common law the levy of an execution was void, unless the officer took the property ; and, in seizing the defendant's joint interest in a chattel, he deprived the other owners of possession.

2. SAME. *Statutory rule. Officer's duty.*

   Under the statute (Code 1880, § 1770 ; Code 1871, § 855 ; Code 1857, p. 531, art. 291), which authorizes the officer in such cases to levy on the defendant's interest without taking possession, he must do so, and not disturb co-owners.

3. SAME. *Joint interest. Chattel in defendant's possession.*

   The officer may take actual possession, however, if the chattel, when the levy is made, is in the hands of a person to whom the defendant has committed it after long holding exclusive possession.

4. CLAIMANT'S ISSUE. *Execution. Undivided interest.*

No claim can be maintained for an undivided interest in an animal which the sheriff takes from such constructive possession of the defendant in execution.

5. SAME. *Reversal of judgment. Effect on execution proceedings.*

Reversal of the original judgment in such case does not affect a verdict for the plaintiff in execution previously rendered on the claimant's issue.

6. EXECUTION SALE. *Joint interest. Purchaser.*

A purchaser at the execution sale acquires only the interest of the judgment debtor, and becomes a co-owner with the other owner of the property.

APPEAL from the Circuit Court of Tippah County.

Hon. J. W. C. WATSON, Judge.

*L. Brame*, for the appellant.

1. As the horse is not held by virtue of the attachment, but under the execution issued on the judgment by default, the reversal of that judgment, *ante*, 167, takes away the foundation of the appellees' case. The burden is on the plaintiffs in execution to show : first, a valid judgment; and, second, that the horse is the property of Burns. *Thornhill* v. *Gilmer*, 4 S. & M. 153 ; *Dickman* v. *Williams*, 50 Miss. 500. The judgment debtor does not dispute the claim of the appellant, who is, therefore, entitled to the property unless the appellees can hold it. Only in this court can the important fact that they have no judgment to sustain their execution be availed of by the appellant, for the judgment on the claimant's issue is conclusive unless reversed. By agreement this reversal is to be considered as if pleaded or otherwise presented according to the practice of this court.

2. The possession of one joint owner of indivisible property is the possession of all. *Brown* v. *Graham*, 24 Ill. 628 ; *Conover* v. *Earl*, 26 Iowa, 167 ; *Southworth* v. *Smith*, 27 Conn. 355 ; Schouler on Personal Property, 197, 199. No statute requires registration of title to personal property. *Armstrong* v. *Stovall*, 26 Miss. 275. Possession is not title. *Palmer* v. *Cross*, 1 S. & M. 48. Judgment creditors are mere volunteers. *Mississippi Valley Co.* v. *Chicago Railroad Co.*, 58 Miss. 846. Willis had a joint interest in the horse, which was exempt from levy. *McGrath* v. *Sinclair*, 55 Miss. 89. It is difficult to see where

the rights of Burns's judgment creditors can come in, as Willis's title is fully recognized.

*Falkner & Frederick,* on the same side.

*T. Spight,* for the appellees.

Willis, who claims to be a joint owner, allowed the horse to remain in possession of the defendant Burns until levied on, and therefore cannot now assert a right of possession. The evidence, moreover, shows that his claim is fraudulent, and the verdict will not be disturbed. If, however, Willis loaned his interest in the horse to Burns, the creditors of the latter had the right to levy. Code 1880, § 1293. The result in the lower court was correct in every view of the case, and is unaffected by subsequent events. Reversal of the judgment on which the execution issued has no bearing upon the verdict on the claimant's issue, which must be determined on the facts existing when it was rendered, and which appear in this record.

COOPER, J., delivered the opinion of the court.

In 1879 Loeb & Bloom recovered a judgment against P. F. Burns. Under this judgment an execution was issued and levied on a horse, as the property of the defendant therein. T. O. Willis interposed a claim to a three-fourths interest in the horse, a trial of which resulted in a judgment in favor of the plaintiffs, from which judgment Willis appeals. To the same term of this court to which this appeal was prayed, Burns prosecuted an appeal from the judgment rendered against him. At a former day of this term a judgment was rendered on that appeal, reversing the judgment and remanding the cause for a new trial. *Burns* v. *Loeb, ante,* 167. This case is now submitted on the record, and on an agreement of counsel that the court may consider the reversal of the principal case as admitted, giving to such admission its legal effect.

In the cases of *Denson* v. *Denson,* 33 Miss. 560, and *Bowen* v. *Seale,* 45 Miss. 30, it was decided that where the error assigned was the improper dismissal of a bill of review, the Court of Appeals would consider the correctness of the original decree. The reason for this, as said in *Denson* v. *Denson,* is because if the bill of review is properly filed, the consideration

of the original decree is necessary, and if the bill of review was erroneously dismissed as improperly filed, yet the decree would be affirmed if no error appeared on the face of the original decree. In the case of *McGowan* v. *James*, 12 S. & M. 445, a final decree had been entered, which was subsequently set aside and the defendant permitted to answer. Subsequently the Chancellor set aside the last order, directed the answer to be taken from the files, and reinstated the final decree. On writ of error it was said that the writ brought up the proceedings subsequent to the final decree, because those proceedings were a part of the record, and because the validity of the final decree depended upon the order reinstating it. In *Morris* v. *Morris*, 27 Miss. 370, it is said that the court can notice nothing appearing to have occurred subsequent to the final judgment. *Rex* v. *Wildey*, 1 M. & S. 183, is a case closely analogous to the case at bar. In that case a writ of error was brought on a judgment of conviction of felony at quarter sessions ; besides the judgment of conviction, the justices had also returned the record of a former acquittal, and counsel for the defendant argued that the two records taken together showed that the defendant had been acquitted of the offence, but it was held that the court could only look to the record of the proceedings returned to the writ. The judgment of Loeb & Bloom, though now reversed, was existing at the time of the rendition of the judgment in this cause, and sustained the execution levied on the property. The Circuit Court had no power to sit in revision of it, or to correct any error therein. That is a power which pertains to this court only, and the judgment, while existing, could not be attacked in a collateral proceeding. *Smith* v. *Mississippi Railroad Co.*, 6 S. & M. 179 ; *Work* v. *Harper*, 24 Miss. 517 ; *Wall* v. *Wall*, 28 Miss. 409. We cannot look beyond the record in the cause, and the agreement of counsel adds nothing to this record.

It is unnecessary to consider the errors assigned, because the facts proved show that the appellant could not interpose his claim to the property. The claim is for an undivided interest in the property, and the sheriff, by virtue of the execution and levy upon the interest of the defendant, had the

right to the possession of the horse for the purpose of making sale thereof.   At common law it was necessary for the sheriff levying an execution on personal property to take the same from the custody of the defendant into the custody of the law, and if the character of the property was such as to admit of actual caption, he took it into his possession in order that he might deliver it to the purchaser at execution sale, and such possession was necessary to the validity of the levy.   *Banks* v. *Evans,* 10 S. & M. 35 ;   *Gates* v. *Flint,* 39 Miss. 365 ; *Minter* v. *Swain,* 52 Miss. 174.   Because it was necessary to the validity of the levy that possession should be taken, the officer was permitted to seize personal property in the possession of a cotenant of the defendant in execution, and take it from the possession of such cotenant.   Freeman on Executions, § 254. And in this State partners were considered as cotenants to the extent of authorizing an officer with an execution against one of the partners to seize the partnership property, though he levied only on the interest of the partner in the property. *Banks* v. *Evans,* 10 S. & M. 35 ; *Sanders* v. *Young,* 31 Miss. 111 ; *Gates* v. *Flint,* 39 Miss. 365.   To remedy the injustice done to the other cotenants by such interference with their possession, it was provided by Code 1857, p. 531, art. 291, that when a defendant in execution shall own or be entitled to an interest in any property not exclusively in his own possession, such interest may be levied on and sold by the sheriff, without taking the property into actual possession, and such sale shall vest in the purchaser all the interest of the defendant in such property.   This provision was included in Code 1871, § 855, and in Code 1880, § 1770.   The effect of this statute is, that a cotenant who is, either exclusively or jointly with the defendant in execution, in possession of the common property, is entitled to continue in such possession, undisturbed therein by the levy of the execution on the interest of his cotenant.   Before the passage of this statute, because he could not otherwise make a valid levy, the officer was authorized to disturb the possession of the other cotenants ; but the statute has provided a remedy for the evil, and as the officer now may, in the cases within the statute, levy without taking possession of the property, he must

do so. But the evidence in this cause shows that the property levied on had for a number of years been in the actual and exclusive possession of the defendant in execution, and that it was levied on while in the possession of the person to whom he had committed it. We are, therefore, of the opinion that the case is just as if the property had been levied on while in the actual possession of the defendant in execution, and that the cotenant could neither institute an action of replevin nor interpose a claimant's issue. The sheriff by his sale, of course, only sells the interest of the defendant in execution, and the purchaser becomes a joint owner with the claimant.

*Judgment affirmed.*