SHERMAN & DAVIS *v.* UNION NATIONAL BANK.

1. ATTACHMENT. *Void levy on land.* *Code* 1880, § 2424.
     Where land is not wild, uncultivated or unoccupied, and an officer having
     an attachment against the owner does not go to the "house or land of the
     defendant, or to the person or house of the person in whose possession the
     same may be," and declare a levy as required by § 2424 of the code, but
     merely indorses a return that he has attached the land, giving a descrip-
     tion, the levy is void and creates no lien. *Gates* v. *Flint,* 39 Miss. 365,
     cited.

2. SAME. *Void judgment. Collateral attack by third person.*
     Execution on a judgment of condemnation based on such a levy is void, and
     may be enjoined by a third person having a mortgage on the land sought
     to be sold; and this, although the mortgage lien was acquired subsequent
     to the levy. *Henderson* v. *Thornton,* 37 Miss. 448, cited.

FROM the chancery court of Yazoo county.

HON. WARREN COWAN, Chancellor.

E. M. Hogan & Co. owned land in Yazoo county, and on
February 15, 1885, they executed a mortgage on the same to ap-
pellee, the Union National Bank, of New Orleans, but the
mortgage was not filed for record until July 4, 1885. Meantime,
on February 26, appellants, Sherman & Davis, sued out an attach-
ment against Hogan & Co. in the circuit court of Lincoln county,
and a branch writ was issued to Yazoo county, on which the sheriff
returned that he had summoned certain persons as garnishees; and,
as to the land, he made the following return: "Executed further
by attaching (describing land) as the property of E. M. Hogan &
Co. March 25, 1885." Garnishees were also summoned in Lincoln
county. At the return term of the writ, on August 6, 1885,
judgment was entered against the defendants in the attachment suit,
and a *venditioni exponas* was issued to the sheriff of Yazoo county,
under which the land in question was advertised for sale. There-
upon the appellee, as mortgagee of the land, filed the bill in this
case, alleging the above facts and seeking to enjoin the sale. The
attaching creditors and the mortgagors were made parties defend-
ant, and, in addition to the prayer for an injunction, the bill asked

that the levy of the attachment writ and the judgment condemning the land be declared void and vacated, and that the mortgage be foreclosed. The attaching creditors answered the bill, insisting upon the validity of the levy. They averred that they had obtained a valid judgment against the defendants Hogan & Co., and that in no event could it be attacked by the complainant.

The testimony showed that the land was not wild or unoccupied, but, upon the contrary, that it was occupied by tenants who lived in houses thereon, and that it was in cultivation at the time of the alleged levy. It was admitted in the answer that the attachment writ, a copy of which was exhibited with the bill, and upon which the return above mentioned was indorsed, was the one upon which the sheriff made the levy as the basis of the judgment in attachment condemning the land. It was alleged in the bill that the sheriff did not go upon the land to make the levy. This was not in terms denied by the answer; but it averred that the levy was valid, and it appeared from the pleadings that Hogan & Co., the defendants, had actual notice of the levy and attachment proceedings. There was a cross-bill and answer thereto, and other questions were involved; but in view of the decision of this court as to the invalidity of the levy, it is unnecessary to allude to them or to make any further statement of the case.

From a decree in favor of complainant, the defendants appealed.

*Hudson & Holt,* for appellants.

The judgment condemning the land in the attachment proceedings is regular and cannot be attacked collaterally. *Sivley* v. *Summers,* 57 Miss. 730; *Cocks* v. *Simmons,* Ib. 196; 12 S. & M. 390; 69 Mo. 355; 44 Cal. 356; 2 How. (U. S.) 341; 16 Wall. 366; Freeman on Judgts., §§ 131, 132.

This is established in order to give conclusive effect to judgments of courts of general jurisdiction. An attack of this character can only be based on some defect affirmatively shown in the record itself. *Hohn* v. *Kelly,* 34 Cal. 430; 8 Ohio St. 586; Freeman on Judgts, § 130; 93 Ind. 472; 102 Ib. 329.

It does not appear from the record that the land was cultivated. The return is regular, and the judgment recites that the land was

levied upon.    This became a part of the decision and the judgment is conclusive.    *Gregory* v. *Bovier,* 19 Pac. Rep. 232.

It makes no difference in the application of this rule that the court may have decided the question wrongly.    Freeman on Judgts., § 131 ; 41 Cal. 253.

The case of *Gates* v. *Flint,* 39 Miss. 365, relied upon by opposite counsel, is inapplicable.    If the party attacking the levy in that case had been *put to the proof by the record of the fact alleged,* as the complainant was in this case, the result might have been different. It was admitted by us in the court below that the writ, with the return thereon, described in the bill, was the one under which the levy was made.    With this admission of a *minor and collateral* fact, the court proceeded on the *testimony* to decide a question that should have been determined only by the record.    It was not admitted that the lands were cultivated, and in order to invalidate the judgment on this ground, it was necessary to show the fact *by the record.*

It is no answer to say that proof that the land was not wild or uncultivated does not contradict the record.    If by *any proof aliunde* the adjudications and recitals in a record can be attacked, it will be difficult, if not impossible, to fix a limit upon, or define the character of proof that can be thus made.

We believe this judgment would be good even if the record showed that the land was cultivated, except on a direct proceeding by appeal.    6 S. & M. 485 ; 41 Miss. 561 ; 44 Ib. 212.

It is true that the statute requires the sheriff to make a full return.    But here the *return does not affirmatively show* that he did not levy as required by law, and the presumption is that he did his duty.    7 S. & M. 206 ; 4 Ib. 579 ;  *Porter* v. *Pica,* 55 Cal. 152 ; 4 G. Greene 468 ; 11 Col. 209 ; 2 Dill. C. C. R. 351.

*R. H. Thompson,* on the same side.

1. Is the levy of an attachment writ, the return on which is perfectly regular and in accordance with the statute in case the lands are unoccupied, *absolutely  void* if the fact (not of record) exists that they were at the time occupied by a tenant?    I use the terms *absolutely void,* because I assume that if the judgment is merely erroneous, the complainant cannot avail of the irregularity.

The case of *Gates* v. *Flint*, 39 Miss. 365, is not in point. In that case, confessedly, there was no levy at all; and it does not appear that there was a *return* of a levy. There was no suggestion of a *false return*.

The question here is to be treated as if the point were before the circuit court of Lincoln county. That court upon inspecting the record found a perfectly regular levy on the land, and it acquired jurisdiction to condemn the same. If there was any defect in this jurisdiction, it arose from a *false* return. The defendants in attachment could not avoid the judgment on the ground that the return was false, without connecting the plaintiffs with that defence. *Taylor* v. *Lewis*, 2 J. J. Marsh. 400; *Walker* v. *Robbins*, 14 How. (U. S.) 584.

But if the decision of the supreme court of the United States last cited is not to be followed, surely the defendant in attachment could not, in equity, escape the effect of the judgment because of a false return, unless it is made to appear that there was a *bona fide* defence to the suit. *Gregory* v. *Ford*, 14 Cal. 138 ; *Fowler* v. *Lee*, 10 Gill & Johnson 358, s. c. 32 Am. R. 172 ; 19 Am. Dec. 139, note.

Here there is no pretense that the land would not have been liable if it had been wild or uncultivated, or if the levy had been made in conformity with the statute.

As the defendants in attachment could not attack the judgment, the appellee could not do so. The defendants had actual notice of the levy and attachment proceedings, and the mortgage lien of appellee was not acquired until after the levy. Until filed for record, the mortgage was void as to the plaintiffs in attachment, creditors of Hogan & Co. Code 1880, § 1212. The bank stands as a purchaser by mortgage after the levy of the attachment in July, 1885, and it can have no other rights than such as the mortgagor had against the attaching creditors at the date the instrument was filed for record.

2. But it cannot be said that the levy was void. Whether land is " wild, uncultivated or unoccupied " is a question of fact about which there might be different conclusions. In order to sustain

the return in this case as perfectly regular, it is not required that the land should be wild, uncultivated, *and* unoccupied; wild, uncultivated *or* unoccupied is the language of the statute. The testimony is too narrow to establish as a fact that the land was neither wild, nor uncultivated, nor unoccupied *at the time of the levy;* unless all three are negatived, the levy must stand. *Saunders* v. *Ins. Co.*, 43 Miss. 583; *Duncan* v. *Gerdine*, 59 Ib. 557. It does not appear that the land was occupied at the particular time in March when the sheriff made the levy. Suppose he went there and found no person, what was he to do? Should he delay the levy? What amounts to occupation must be determined by the officer. It is not shown by the testimony that the sheriff did not go upon the land. In the absence of clear proof to the contrary, it is to be presumed that the return is true. *Duncan* v. *Gerdine, supra.*

The defendants did not live on the land. If the sheriff had gone on it and notified the tenants, all they could have done would have been to notify the defendants; but the defendants had notice.

Service of the garnishments, etc., gave the circuit court of Lincoln county jurisdiction, and any defects in the proceedings can only amount to error. *Harrington* v. *Wofford*, 46 Miss. 41; *Calhoon* v. *Ware*, 34 Ib. 146; *Cooper* v. *Reynolds*, 10 Wall. 308.

*D. R. Barnett*, for appellee.

1. In their answer the defendants in the court below admitted that the writ of attachment, with the return thereon, mentioned in the bill of complaint, was the one under which the attempted levy was made. They are, therefore, estopped by this admission from setting up that the judgment, being regular, must be taken as conclusive evidence that all proper steps were regularly taken. The point cannot be made that this being a collateral attack the judgment imports absolute verity. *Gates* v. *Flint*, 39 Miss. 365.

In *Cocks* v. *Simmons*, 57 Miss. 183, this court held that to sustain a decree collaterally attacked, it would be presumed that there had been a valid summons which had been lost. Certainly the court would not have indulged that presumption if the defendants had admitted that there had been no valid summons. If the defend-

ants here seized the sword by the blade instead of the handle, they can blame no one except themselves.

It was held in *Saunders* v. *Ins. Co.*, 43 Miss. 596, that a return need not show affirmatively that the land was wild or uncultivated, but merely that it would be presumed, from a mere levy like this, that land was of that character.   The court will not presume that there was another writ, for that would be against the record, which is not allowable.   Freeman on Judgts., § 125.  The officer's return only binds parties and privies.   *Doe* v. *Ingersoll,* 11 S. & M. 274; and by § 1533, code of 1880, the rule is relaxed as to them.   But it is permissible in any case for a third person to show that no levy was, in fact, made.   *Gates* v. *Flint, supra.*   The fact that the sheriff may have supposed the land to be wild or uncultivated and made his return accordingly, does not change the nature of the property, nor prevent us from showing the truth. Murfree on Sheriffs, § 867.

Moreover, the return does not say the land was wild or uncultivated, but only that it was levied on as such.

Section 2424, code 1880, requires an officer serving an attachment to make a full return.   Here the return is in the language applicable to a levy on wild lands.   How is it possible to say the language is broad enough to show that the sheriff may have made the levy in the manner prescribed for cultivated lands?   If it be conceded that the sheriff did not go upon the land or otherwise levy as directed in case of land that is occupied, the levy was void, just as a levy on personal property would be void where the property is not taken into possession.

2. We desire to call the attention of the court to some authorities which sustain the right of a third person in an attack of this kind to impeach the record.   The rights of no outside persons are prejudiced.

If one is a party to the suit, he can appeal, or by a direct proceeding in the chancery court attack the judgment.   *Crawford* v. *Redus,* 54 Miss. 702 ; Freeman on Judgts., § 134.

Interested third persons, however, who have acquired their interests subsequent to the judgment, cannot intervene, for this

"would encourage litigation and disturb the repose beneficial to society." Freeman on Judgts., § 91. Does not the reasoning fail as to a person having a pre-existing right? On this point see *Inman* v. *Mead,* 97 Mass. 314; *Downs* v. *Fuller,* 2 Metc. (Mass.) 135; Freeman on Judgts., § 337, and authorities cited.

With some hesitation we say the question is an open one in this state. *Christian* v. *O'Neal,* 46 Miss. 669, *Harrington* v. *Wofford,* Ib. 31, and *Crawford* v. *Hays,* 41 Miss. 561, do not really decide the question.

The mortgage of appellee was good between the parties, and as to all creditors who had not acquired a lien before it was recorded.

The bill in this case is defensive in its nature. The mortgage was recorded before rendition of the judgment, and it would be strange if a judgment thus subsequently rendered in a suit between other parties should be conclusive evidence against the appellee, a third person, that the levy and all proper preliminary steps had been taken. Appellee is not a party or privy and ought not to be bound by the judgment. *Hunt* v. *Haven,* 52 N. H. 162.

The circuit court when exercising a special and limited power is governed by the same rules which are applicable to a court of special and limited jurisdiction. Drake on Attach., § 85 *et seq.*

CAMPBELL, J., delivered the opinion of the court.

Affirmed: *Henderson* v. *Thornton,* 37 Miss. 448; *Gates* v. *Flint,* 39 Miss. 365.