BLUMENFELD & FRIED v. SEWARD BROTHERS.

1. EXECUTION. *Levy on partner's interest. Code* 1880, § 1770.

Under § 1770, code 1880, a judgment creditor of a partner cannot levy execution on any specific article of partnership property, but only on the partner's interest therein.

2. SAME. *Levy without taking possession. Interest of partner.*

An officer levying execution on the interest of a partner in partnership property, must do so without disturbing the possession. *Willis* v. *Loeb,* 59 Miss., 169.

3. LIEN. *Pledge. Property not in esse. Potential existence.*

Where a creditor supplies his debtor with timber to be sawed into crossties, under an agreement, although verbal, that, after payment of the

operating expenses, the ties shall stand pledged to pay his debt, and be so applied by the creditor, a lien in his favor attaches to the ties when they come into existence, and this lien is superior to the rights of judgment creditors of said debtor.   *Cayce* v. *Stovall*, 50 Miss., 396.

FROM the circuit court of Choctaw county.

HON. C. H. CAMPBELL, Judge.

Seward Bros., having a judgment against C. C. Lewis, caused an execution thereon to be levied on certain cross-ties, the officer taking them into his possession. Thereupon, Blumenfeld & Fried propounded their claim, and tendered a claimant's bond, and the ties were delivered to them. It was shown, on trial of the claimant's issue, that the ties, when seized, were in the possession of the firm of Lewis & Son, a partnership composed of C. C. Lewis, the judgment debtor, and W. C. Lewis. The facts throwing light on the ownership of the ties, and the claim of the several parties therein, will sufficiently appear in the opinion of the court. Neither the judgment debtor nor his partner made any defense. The claimant's issue was tried by consent before the court without a jury, and resulted in a judgment for plaintiffs, from which the claimants appeal.

*Daniels & Richardson* and *Muldrow & Nash*, for appellants.

The court below held that the contract between appellants and Lewis & Son, in reference to taking charge of their mill and running it in the name of appellants, and applying the net proceeds to the payment of their debt, was a fraud on the creditors of C. C. Lewis. There is no evidence of actual fraud, and the transaction itself is not fraudulent in law. It neither tied up the property of defendants nor conferred any lasting benefit on them to the detriment of creditors. It inured to the benefit of all creditors by creating and bringing into existence property, the proceeds of which was to be applied to the liquidation of the indebtedness of the firm. Without such arrangement, the mill could not have been operated.

Plaintiffs could only subject such interest as C. C. Lewis had in the ties. That interest was only one-half, and the judgment lien, at most, could bind only his one-half interest in the ties. *Moody* v. *Harper,* 22 Miss., 484; *Cayce* v. *Stovall,* 50 *Ib.,* 396; *Cooper* v. *Turnage,* 52 *Ib.,* 431.

*J. W. Barron,* for appellees.

The contract upon which appellants rely was a fraud in law and in fact as to other creditors. It was indefinite as to the time it was to continue and as to the property to be acquired, and there was no memorandum thereof in writing. There was no delivery by Lewis & Son or acceptance by the claimants. Plaintiffs had the right to subject the interest of C. C. Lewis, and, if his partner asserted no claim, the appellants cannot do so for him.

COOPER, J., delivered the opinion of the court.

The judgment in this cause must be reversed.

There are two grounds of defense against the right of appellees to subject the property seized to their judgment, either of which is conclusive. The first is, that the creditor of one member of a firm cannot take in execution any specific article of the partnership property, but must levy upon the interest of the partner in the entire assets. At common law, this was effected by seizing the entire assets, which seizure dissolved the partnership, and the purchaser under execution became tenant in common with the other partners. *Sanders* v. *Young,* 31 Miss., 111.

But, by the code of 1880, § 1770 (following the codes of 1857 and 1871), it is provided that where a defendant in execution shall own or be entitled to an interest in any property not exclusively in his own possession, such interest may be levied on and sold by the sheriff without taking the property into his actual possession; and, since he may levy without disturbing the possession of the other co-owners, he must do so. *Willis* v. *Loeb,* 59 Miss., 169.

But if the appellees were creditors of the firm of Lewis & Son, there would have been no vendible interest in the property seized. The timber from which the ties were cut was bought and paid for by appellants under an arrangement between them and Lewis & Son, by which the cost of the timber and the operating expenses of the saw-mill were to be first paid, and the profits were to be applied by appellants to the payment of a debt they held against Lewis & Son. This debt far exceeds the value of the property seized, and, since Lewis & Son could not recover the property without paying the debt for which it stands pledged, neither could their creditors. If the timber from which the ties were cut had been the property of Lewis & Son, a different question would be presented; but, in the act of acquiring the ownership of the property, a lien was fixed upon it in favor of appellants under their contract with Lewis & Son, and the lien was superior to the rights of judgment creditors. *Cayce v. Stovall*, 50 Miss., 396.

*Judgment reversed.*