H. S. GILLEYLEN v. DeWITT C. MARTIN ET AL.

1. APPEALS. *Bill of review. Decree sustaining same.*

A bill of review to set aside a partition or a sale of land for division of proceeds among tenants in common, is independent of and constitutes no part of the proceeding in which the land was sold, and a decree sustaining such bill is a final decree, from which an appeal will lie.

2. SAME. *Scope of appeal. Original cause.*

An appeal from a decree sustaining such bill of review, and vacating all the proceedings in the original cause back to the original petition, brings up the propriety of the action of the court below in sustaining said bill, and also in vacating the original proceedings for errors apparent in the record thereof.

3. PARTITION. *Unassigned dower.*

There could be no valid partition or sale of land for division of proceeds under § 2553, code 1880, while there existed an outstanding unassigned dower interest in the same. *Fox* v. *Coon*, 64 Miss., 465; *Wood* v. *Bryant*, 68 *Ib.*, 198; *Ligon* v. *Spencer*, 58 *Ib.*, 37.

4. APPEALS. *Partition. Interlocutory decree.*

A decree directing a partition of land, if it can be equitably done, and, if not, that the commissioners appointed to make the same shall report accordingly to the next term of court, is not a final decree, but an interlocutory decree, from which no appeal lies.

FROM the chancery court of Monroe county.

HON. BAXTER MCFARLAND, Chancellor.

There was a former appeal in this cause, the same being from the decree of court below sustaining a demurrer of the defendants based on the statute of limitations. That decree was reversed and the cause remanded. *Martin* v. *Gilleylen*, 70 Miss., 324. The complainants then amended their bill, making it a bill of review pure and simple, by setting up only those errors apparent on the face of the record of the original

cause. The defendants answered, and, on the hearing, the court sustained the bill of review, and set aside all the proceedings in the original cause, and rendered a new and different decree therein.

The original proceeding was one for partition of the land in controversy or a sale thereof for division of proceeds, and had resulted in a sale to the defendant, H. S. Gilleylen, who had subsequently sold and conveyed the same to one Burkitt, who had, in turn, conveyed a part thereof to certain other defendants. The land, at the time he died intestate, in 1874, was owned by one John Martin, who left a widow and four children. H. S. Gilleylen, before bringing the partition suit, had purchased the shares of two of the heirs and the widow's interest. The bill avers, along with many other errors in the original proceeding, that the dower of the widow had not then been allotted to her or barred by limitation, and the answers do not deny this allegation. The decree from which the present appeal is prosecuted directs an allotment of one-third of the land as subject to the dower interest acquired by Burkitt in the manner before stated, and a partition of the other two-thirds between the complainants and Burkitt, if the same could be fairly and equitably divided into two equal parts, and, that if not, that the commissioners appointed to make the partition should report accordingly to the next term of court. This decree was rendered on April 25, 1895, while that sustaining the bill of review was rendered on October 3, 1894. The present appeal is from both decrees.

*Gilleylen & Leftwich,* for the appellants.

The appellees were not entitled to have the partition proceedings set aside on the idea that H. S. Gilleylen did not own, as claimed therein, an undivided three-fifths interest in the land, but only an undivided one-half interest and the widow's dower. The fact is, the bill in the partition suit was not filed until 1882, when dower had been abolished, and it does not name the day,

month or year of the death of John Martin, the father of com-
plainants.   The facts that he died previous to the adoption of
the code of 1880 and that the widow owned only a dower in-
terest, do not appear in the original proceedings for partition,
but for the first time in those inaugurated by the bill of review.
If he died after the adoption of said code, the widow, of course,
inherited a child's part, or a one-fifth interest in the land as
tenant in common, and there was no question of dower in the
case.

Counsel also discussed at length the other objections to the
validity of the partition proceedings, urged by appellees, but
not passed upon in the opinion.

*E. H. Bristow*, for the appellees.

1. The right of the widow to dower was a genuine, subsist-
ing right in 1882, not then barred by the statute of limitations,
and, granting that this right was transferable in law, and was,
in fact, transferred to Gilleylen, he then owned the right of
dower, which was an estate for the life of the widow in one-
third of the land, including the dwelling, etc.   The dower of
the widow had never been allotted, and, clearly, the land was
not susceptible of partition.   Code 1871, § 1809; Code 1880,
§ 2533; *Fox* v. *Coon*, 64 Miss., 465; *Wood* v. *Bryant*, 68 *Ib.*,
198; Freeman on Co-tenancy and Partition, §§ 432, 472.

2. But the unassigned dower of the widow was not transfer-
able so as to put Gilleylen in her shoes.   She could convey
but an equity.   *Rule* v. *Broach*, 58 Miss., 552; *Wallis* v. *Doe*,
2 Smed. & M., 220; 5 Am. & Eng. Enc. L., 906.   The widow
can convey by deed so as to warrant a court of equity to have
the dower allotted to her assignee, or, rather, to have it allotted
to her and then transferred to the assignee.   2 Scribner on
Dower, pp. 37–40.   But a mere legal assignment or deed does
not convey any estate, any right of possession; certainly not
such a right as can be partitioned under our statute.   An unas-
signed dower is such a charge or incumbrance as will prevent

a partition.    It is not vendible under execution, or under any decree of a court.    *Ligon* v. *Spencer*, 58 Miss., 37.

3. On a bill of review (and more especially in a partition suit) if the bill be sustained, everything is set aside and annulled and such new decree made as should have been made at first.    In other words, the case is heard for the first time. *Enochs* v. *Harralson*, 57 Miss., 465.

WHITFIELD, J., delivered the opinion of the court.

The decree of October 3, 1894, is a final decree, from which an appeal may be prosecuted.    This is settled in *Denson* v. *Denson*, 33 Miss., 563, the court saying: "There can be no doubt that it [an appeal] would lie to the decree dismissing the bill of review."    See, to same effect, *Belt* v. *Davis*, 1 Cal., 139; *McCall* v. *Hitchcock*, 7 Bush (Ky.), 616; *Harvey* v. *Fink*, 111 Ind., 249; 2 Enc. Pl. & Prac., p. 109.

In *Cole* v. *Miller*, 32 Miss., 101, the court say: "From these characteristics of a bill of review, it is evident that it does not constitute a part of the original cause, and, although it has reference to it, yet that it is an independent proceeding."

In *Denson* v. *Denson, supra,* where there was a preliminary objection that the writ of error was void, because it " embraced both the original decree establishing the indebtedness of the administrators and that dismissing the bill of review," the court held the objection untenable, observing, through the same judge who delivered the opinion in *Cole* v. *Miller, supra:* "Although such a bill is, in certain respects, an independent proceeding, yet it has direct reference to the original decree, and brings up for consideration the errors therein contained.    If the bill of review be properly filed, so as to give the court jurisdiction of it,    .    .    .    the consideration of it, upon writ of error, necessarily involves the errors in the original decree, without embracing that decree specially in the writ.    .    .    . But no sufficient reason is perceived why he should not be permitted to have the question of the propriety of the filing of his

bill of review, as well as the matters of error in the original decree, examined by means of one and the same writ of error, for the writ, in either respect, has reference to the same substantial thing—the errors in the original decree; and in such a case, though there was error in dismissing the bill of review for noncompliance with the rules regulating the filing of such bills, yet if, upon consideration of the original decree and proceedings, there was found to be no error upon their face, the decree would be affirmed upon the writ of error. This practice is also sanctioned by the well-established principle of chancery proceedings of saving expense and preventing multiplicity of suits, and we therefore do not think this objection tenable.''

From these cases two things are clear: First, that the bill of review in the case before us, is ''not a part of the original cause''—the partition proceeding—but, as to that, '' an independent proceeding,'' and from a final decree in which an appeal lies, quite apart from the question of appeal in the original partition proceeding; second, that, though in this sense an independent proceeding, yet, from the very nature and office of a bill of review, an appeal from a final decree sustaining a bill of review and vacating all the proceedings in the original partition cause, being thus, by such bill, brought under review, brings before this court the propriety of the action of the court below in so sustaining such bill, and also, from the nature of the case, the propriety of its action in vacating the proceedings under said original partition cause back to the petition for partition in such original cause, for errors apparent upon the face of the original record. We therefore examine the propriety of this latter action to the extent indicated, and, without going over the errors set forth by the bill of review, as apparent upon the face of the original partition record, *seriatim*, it is clear that the action of the chancellor in sustaining the bill of review and annulling the original partition proceedings, as indicated, was correct, and the decree of October 3, 1894, is accordingly affirmed.

A fundamental error in the original partition proceeding was in declaring that the land should be divided into five equal shares. At the time the proceeding was filed, July 28, 1882, there was a subsisting unassigned dower interest. The petition for partition did not ask to have the dower assigned and the remaining two-thirds of the land partitioned, but to have the whole land partitioned into five equal shares in fee simple. With an outstanding, subsisting, unassigned dower, the land was not the subject of partition. Code 1880, § 2553; *Fox* v. *Coon*, 64 Miss., 465; *Wood* v. *Bryant*, 68 Miss., 198; *Ligon* v. *Spencer*, 58 Miss., 37.

Upon the return of this case to the court below, after the decision in 70 Miss., 324, when the decree of October 3, 1894, above affirmed, had been rendered, the bill of review had performed its office, and it—considered as an independent proceeding, in the sense above defined, yet embracing the original partition cause reviewed by it, both of which are reviewable on this appeal from the decree of October 3, 1894—came to an end. Thenceforward the partition cause remained in court on the original petition, but to be proceeded with, from that stage on, as disconnected from the bill of review, the bill of review, as to all subsequent proceedings in the partition cause, being clearly a "wholly independent proceeding;" and it thus becomes manifest that the decree of April 25, 1895, is not a final decree, from which an appeal can be prosecuted. This decree directs a partition to be made by the commissioners, if it can be fairly and equitably done, and, if not, they are directed to so report to the next term of the court. It also declares the dower to be subsisting, unbarred, and appoints commissioners to assign it. Obviously, this is a mere interlocutory decree. Code of 1892, § 3112.

Mr. Freeman says (Freeman on Co-tenancy and Partition, § 519): "Neither the interlocutory judgment at law nor the first decree in chancery is final; it cannot, therefore, be corrected by a direct appeal. The parties must wait until the

final decree.'' And what that final decree is, is shown in § 527, note 3. Mr. Freeman states that there is legislation in Texas allowing appeals from the interlocutory judgment or decree (§ 519), and there is such legislation in other states, but none in this state, except § 34, code 1892, relating to interlocutory decrees generally.

In the absence of legislation, the true rule is announced in *Gudgell* v. *Mead*, 40 Am. Dec., p. 122: '' In partition proceedings, both at law and in equity, there are two judgments and decrees— the one interlocutory and the other final. The first is *quod partitio fiet, inter partes de tenementis*, upon which a . . . commission goes, commanding that partition be made, and, upon the return of this . . . commission executed, if the proceedings are approved by the court, the second judgment is given— *quod partitio firma et stabilis in perpetuum teneatur*. This is the principal judgment, and, before it is given, no writ of error does lie.'' See, also, the authorities collected in 60 Am. Dec., note at p. 434, par. 11, and 2 Enc. of Pl. & Prac., p. 144, par. 31; 1 Black on Judgments, § 39. This appeal from this interlocutory decree was not granted by the chancellor ''to settle the principles of the cause, or to avoid expense and delay,'' under § 34 of the code of 1892. The clerk has no power to grant such an appeal. Sections 34 and 59, code of 1892, and *Holliman* v. *Dibrell*, 51 Miss., 96.

We cannot, therefore, take cognizance, on this appeal from this interlocutory decree, of the question of improvements involved in the partition proceedings.

The appeal from the decree of April 25, 1895, is, therefore, dismissed.

*Decree accordingly.*